■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DITAIN TURAINE, Also Known as DITTAN TURAINE, Also Known as DITIAN TURAINE, Also Known as DHAIN TURAINE, Appellant.—Judgment of the Supreme Court, New York County (William Davis, J.), rendered July 19, 1988, convicting defendant, after jury trial, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 20 years to life, unanimously affirmed.

Defendant was a supplier "on consignment" of crack cocaine to the decedent Oliver Simmons, known on the streets as "Blue". Blue conducted his sales in a first-floor apartment "shooting gallery" at 2105 Eighth Avenue in Manhattan and was assisted by Rafael Howe, another resident of the apartment. Defendant lived on the fourth floor of the building. On July 29, 1987, defendant confronted Blue about repeated money and drug shortages and beat Blue over the head with a baseball bat, in the apartment, in front of Howe who testified to the circumstances of the murder.

Another resident of the building, Robert Washington, saw defendant enter the apartment with a baseball bat, heard

moans coming from the apartment, and then saw defendant and Howe carry Blue from the apartment, bleeding from the head. On the day Washington was to testify, he was mistakenly placed in a courthouse holding pen with defendant, who suggested to Washington that he "take the Fifth" as another witness had done. When the prosecutor brought this circumstance to the court's attention, the court held a brief hearing in the absence of defendant, but with his counsel present, to determine whether the conversation should be brought to the jury's attention.

We find no error in conducting this hearing in defendant's absence. Due process "mandates the presence of a defendant at his felony trial to the extent only that his presence is necessary for a fair and just hearing of his cause and he must be deemed to have the absolute right to hear everything the jury hears * * * so that his may be the opportunity to confront his accusers and advise with his counsel" (People ex rel. Lupo v Fay, 13 NY2d 253, 256, mot to amend remittitur granted 13 NY2d 1178, cert denied 376 US 958). In this case, defendant heard all that the jury heard, and defendant's absence from the brief hearing had no relation to the fullness of his opportunity to defend against the charge (People ex rel. Lupo v Fay, supra; see also, People v Handly, 96 AD2d 649; People v Andriani, 67 AD2d 20, 22).

Nor do we find error, in the circumstances presented, in the admission of testimony by Howe, on redirect, as to the drug-selling relationship between defendant and Blue. This testimony was relevant to opportunity and motive for the killing and gave the jury " 'an intelligent understanding of the whole of the evidence' " (People v Stanard, 32 NY2d 143, 146, quoting Bedell v United States, 78 F2d 358, 364). In any event, this testimony was not admitted until the court ruled that defendant had "opened the door" by questioning Howe as to his own drug use and the use of the apartment as a "shooting gallery". Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.