■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BLAIR, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered May 24, 1989, convicting defendant, after a jury trial, of robbery in the first degree (four counts), and robbery in the second degree, and sentencing him, as a persistent felony offender, to four consecutive terms of imprisonment of fifteen years to life on the first degree robbery counts and a concurrent term of ten years to life on the second degree robbery count, unanimously affirmed.

Defendant, a persistent violent felon and an admitted drug user, was convicted of four separate knifepoint robberies against women, committed between October 20 and November 7, 1988, in the Sixth Avenue subway tunnel. One of the victims was shoved by the defendant down subway stairs, causing her to fracture her arm.

Contrary to defendant's argument, his absence, and that of his attorney, from a hearing conducted by the trial court, outside of the presence of the jury, relating solely to the scope of defendant's telephone privileges—following a threat made to one of the prosecution witnesses—had no "relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" (Snyder v Massachusetts, 291 US 97, 105-106). Insofar as the same witness gave testimony at trial concerning the menacing telephone call, we note the defendant had an opportunity to hear all the jury heard and to cross-examine the threatened witness (see, People v Turaine, 162 AD2d 262).

Defendant was not denied a fair trial by certain summation remarks by the prosecutor. Insofar as the prosecutor suggested that the People were entitled to a safe community, as well as the right to a fair trial commensurate to that enjoyed by the defendant, we note that these comments were couched in moderate terms (cf., People v Lombardi, 20 NY2d 266), and did not suggest that the interest of justice would be served only by a conviction of the defendant (cf., People v Moore, 26 AD2d 902). Further, the court promptly sustained defendant's objections to portions of the prosecutor's summation. While

the prosecutor did allude to the religious beliefs of one of the witnesses while commenting on the witness' credibility, we note that the challenged remark was unobjected to, isolated, and harmless in light of the overwhelming evidence of defendant's guilt (see, People v Curley, 159 AD2d 969, lv denied 76 NY2d 733).

We have considered defendant's remaining contentions and find them to be either unpreserved or without merit. Concur— Milonas, J. P., Rosenberger, Kassal and Rubin, JJ.