■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LOVETT, Appellant. [595 NYS2d 476] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 5, 1991, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life imprisonment, unanimously affirmed.

Defendant's right to be present at his trial was not violated. Though neither he nor his attorney were present when the court held a discussion with counsel for the sole eyewitness and the prosecutor, following the eyewitness's second day of testimony, that discussion was not a part of the trial. While, plainly, the eyewitness's credibility at the trial was an overriding consideration for conducting the conference, the eyewitness's credibility was not tested at the conference. Accordingly, and despite the fact that none of the parties to the conference shared defendant's interests, counsel's absence, and that of the defendant himself, bore no "relation, reasonably substantial, to the fulness of [defendant's] opportunity to defend against the charge" *(Snyder v Massachusetts,* 291 US 97, 105-106). Defendant urges that the proceeding was about his efforts to influence a witness, but the conference was not held to determine whether the prosecutor could produce evidence of improper witness tampering *(see, People v Turaine,* 78 NY2d 871, 872); rather it was held to determine what steps should be taken to insure the safety and production of the witness. Moreover, a complete, contemporaneous record of the conference was prepared and made available to trial counsel *(compare, People v Ortega,* 78 NY2d 1101).

Defendant's claim that the trial court abused its discretion in refusing to reopen the identification hearing is unpreserved,

and we decline to consider it in the interest of justice. Were we to consider it, we would find it to be without merit.

Last, we find no merit to defendant's claim that the prosecutor either misstated the evidence, or asked the jury to draw improper inferences from the evidence. Concur—Sullivan, J. P., Kupferman, Asch and Kassal, JJ.