■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CATES, SR., Appellant. [938 NYS2d 543]—

The court properly declined to charge assault in the third degree as a lesser included offense since there was no reasonable view of the evidence, viewed in a light most favorable to defendant, that he was guilty of that charge but not of either murder or manslaughter. Nothing in either the People's case or defendant's testimony supported a theory that defendant participated in the vicious beating of the victim, but was merely a bystander to the victim's immediately ensuing death by strangulation (see People v Martinez, 30 AD3d 353 [2006], lv denied 7 NY3d 868 [2006]). Under the evidence, defendant either acted with a community of purpose with the other participants throughout the incident, or he did not participate at all and was not guilty of any crime (see e.g. People v White, 29 AD3d 457 [2006], lv denied 7 NY3d 819 [2006]).

Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal for lack of a sufficient record (see People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant's remaining pro se claims are without merit. Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.