■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE CARR, Appellant. [974 NYS2d 432]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered June 10, 2009, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The testimony of the People's main witness was corroborated by other evidence, including testimony that defendant helped dispose of the victim's body under circumstances warranting an inference that defendant had participated in the murder.

Defendant's right to counsel and right to be present at material stages of the trial were not violated when the court had an ex parte, in camera conversation with the People's main witness, regarding the witness's assertion that he was too ill to testify that day. This inquiry was not a hearing, nor part of the trial, and it did not involve the determination of any issue requiring input from defendant or his counsel (*see e.g. People v Hamilton*, 272 AD2d 553 [2d Dept 2000], *lv denied* 95 NY2d 935 [2000]; *People v Valenzuela*, 234 AD2d 219 [1st Dept 1996], *lv denied* 89 NY2d 1041 [1997]; *People v Lovett*, 192 AD2d 326 [1st Dept 1993], *lv denied* 82 NY2d 722 [1993]). The court placed sufficient information on the record about what transpired at the conference, and defendant was not prejudiced by the fact that the conference was unrecorded. There was no impairment of defendant's ability to cross-examine this witness about all matters relating to his credibility, including drug abuse.

The court properly declined to charge assault in the third degree as a lesser included offense. Defendant's arguments on this issue are generally similar to arguments that were unsuc-

cessfully raised on a codefendant's appeal (*People v Cates*, 92 AD3d 553 [1st Dept 2012], *lv denied* 18 NY3d 992 [2012]). To the extent there were any factual differences between defendant's situation and that of the codefendant, we conclude that they do not warrant a different result.

At sentencing, the court sufficiently accorded defense counsel an opportunity to speak on defendant's behalf (*see* CPL 380.50; *People v McClain*, 35 NY2d 483 [1974], *cert denied* 423 US 852 [1975]).

Defendant's pro se argument concerning the court's charge is without merit. Defendant's remaining pro se claims are unpreserved or otherwise unreviewable, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.