Fahey, J.
(dissenting). The trial court conducted an in camera interview with a prosecution witness to ascertain whether his migraine was too debilitating for him to testify that day. The court granted an adjournment, for a second time, and the witness testified the next day. Now, the majority, holding that this was reversible error, grants defendants a new trial, because the interview “concerned potentially significant evidence that defense counsel may have found useful during cross-examination at trial” (majority op at 113). In my view, the in camera inquiry here was permissible because it was merely ministerial. Accordingly, I dissent.
Initially, I agree that it is appropriate for the Court to consider precedents concerning ex parte hearings here, because *115 the in camera questioning of the witness occurred after the prosecutor called the trial judge to inform him that the witness was in her office but in no condition to testify, and it took place in the absence of defense counsel. However, the majority strays far from those precedents. In People v Frost (100 NY2d 129 [2003]), in which we upheld the closure of a courtroom following an ex parte proceeding, we simply observed that “ex parte hearings are not to be granted lightly and are unwarranted and impermissible in the vast majority of cases” (id. at 134). We noted that avoidance of ex parte hearings, while not always required, is “the better practice” (id.). More recently, we have stated that “ex parte proceedings are undesirable, and they should be rare” (People v Contreras, 12 NY3d 268, 273 [2009]). Until today, we simply recommended that ex parte hearings remain rare; now, for the first time, a showing of “substantial justification” (majority op at 110) is required.
This Court has never held that conducting an in camera inquiry on a scheduling matter violates a defendant’s right to counsel. In fact, it tries to avoid that conclusion today, by limiting its holding to in camera or ex parte inquiries “about non-ministerial matters” (majority op at 110). No party has the right to control the scheduling of litigation. That is the court’s prerogative. Preventing trial courts from controlling the scheduling of witnesses in camera will interfere with a court’s exercise of its discretion to oversee the management of a trial and ensure its fair and orderly conduct. Indeed, the Rules Governing Judicial Conduct expressly state that
“[e]x parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and the judge, insofar as practical and appropriate, makes provision for prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond” (22 NYCRR 100.3 [B] [6] [a]).
Here, notably, the trial court complied with 22 NYCRR 100.3, promptly placing detailed information on the record about what had occurred at the ex parte inquiry, and ensuring that defense counsel was subsequently able to cross-examine the witness extensively on matters relating to his credibility.
*116 No guidance is offered to trial courts as to when a matter qualifies as ministerial. The in camera inquiry in the present case involved questioning on a purely administrative, ministerial question: whether a witness was so ill, from a migraine, that he would be unable to testify on a particular day. As the Appellate Division noted, the trial court’s “inquiry was not a hearing, nor part of the trial, and it did not involve the determination of any issue requiring input from defendant or his counsel” (People v Carr, 111 AD3d 472, 472 [1st Dept 2013]). The inquiry simply resulted in a witness’s appearance being delayed from one day to the next. If this interview was not ministerial, then nothing is.
The attempt to defend classification of the trial court’s interview as non-ministerial by postulating that it “concerned potentially significant evidence that defense counsel may have found useful during cross-examination at trial” (majority op at 113) fails because this may be said of any request for adjournment. Whenever one party seeks rescheduling of a witness’s testimony, there is a potential that an inquiry into the reasons will reveal information that the other party “may” find “useful.” This test is so weak that it is no test at all.
Competent counsel will now invariably argue that a scheduling matter is not ministerial and that his or her client has a right to know why the witness claims to be unable to testify. This will occur even when the witness’s indisposition relates to a trivial, personal and private condition. This decision creates a standard that will be impossible to administer. Commonly, the trial court will be forced to hold a full-blown hearing to decide a matter that demands quick resolution. All parties to criminal litigation — not just the prosecution but defendants as well — will suffer from this cumbersome new process.
I would affirm the order of the Appellate Division in each case.
Judges Read, Rivera, Abdus-Salaam and Stein concur; Judge Fahey dissents in an opinion in which Judge Pigott concurs.
In each case: Order reversed and a new trial ordered.