People v Pinnacle (2018 NY Slip Op 06984)





People v Pinnacle


2018 NY Slip Op 06984


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


5199/12 7388 7387

[*1]The People of the State of New York, Respondent,
v
Edmund Pinnacle, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David P. Stromes of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered October 21, 2014, as amended December 15, 2014 and January 2, 2015, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 24 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 20 years to life, and otherwise affirmed.
Defendant was not entitled to be present, or to have his counsel present, at a proceeding where the People sought a material witness order. Initially, we note that all of defendant's arguments are made for the first time on appeal. However, we find it unnecessary to determine which, if any, of defendant's claims are exempt from the requirement of preservation.
"Neither the defendant nor the prosecution is entitled to notice of an application for a material witness hearing, and neither party has standing to contest or to participate in a hearing on an application made by the other" (People v Fermin, 150 AD3d 876, 878 [2d Dept 2017], lv denied 30 NY3d 1060 [2017]). The proceeding was held only to determine what steps should be taken to secure the witness's continued appearance, and had "nothing to do with the content of the witness's testimony or any legal or factual issue that might involve the opposing party in the underlying criminal case" (People v Mauro, 49 AD3d 268, 269 [1st Dept 2008], lv denied 10 NY3d 961 [2008]). Contrary to defendant's contention, the proceeding did not implicate the witness's credibility or the reasons for her refusal to continue testifying (see People v Valenzuela, 234 AD2d 219, 219-221 [1st Dept 1996], lv denied 89 NY2d 1041 [1997]; People v Lovett, 192 AD2d 326 [1st Dept 1993], lv denied 82 NY2d 722 [1993]).
Moreover, defense counsel received a transcript of the material witness proceeding and was able to use it in cross-examination of the witness. There is no merit to defendant's claim that he or his counsel needed to observe the witness's demeanor at the ex parte proceeding in order to cross-examine her at trial. Likewise, defendant has not shown that anything in the court's comments to the witness at the proceeding could have influenced her testimony or triggered any requirement that defendant or his counsel be present.
By failing to object, or by failing to request further relief after the court sustained an objection and gave a curative instruction, defendant failed to preserve his challenges to the prosecutor's opening statement and summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). The challenged remarks, when viewed in context, [*2]generally constituted fair comment on the evidence. To the extent some comments could be viewed as improper appeals for sympathy, the error was harmless.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK