■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: The court erred by permitting the prosecutor to examine an alibi witness about his failure to give exculpatory information concerning defendant to the police. A proper foundation was not established for the inquiry, and the court failed to give limiting instructions *(see, People v Dawson,* 50 NY2d 311, 321-323). Reversal is not required, however, because the issue was not preserved for our review (CPL 470.05 [2]) and because the error was harmless *(People v Crimmins,* 36 NY2d 230).

Defendant's remaining claims either lack merit or were not preserved for our review; review in the interests of justice is not warranted. (Appeal from judgment of Onondaga County Court, Burke, J.—sodomy, first degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MARSHALL, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in permitting the prosecutor to address leading questions to a witness who was obviously unwilling, reluctant, and hostile *(see,* Richardson, Evidence § 483 [Prince 10th ed]; *People v Sexton,* 187 NY 495, 509; *Becker v Koch,* 104 NY 394, 401-402). The testimony of that witness, together with all of the other testimony in the case, provided sufficient proof that defendant knowingly and intentionally aided in the purse snatching. (Appeal from judgment of Erie County Court, Dillon, J.—grand larceny, third degree; obstruction of governmental administration.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.