■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN W. DAVIS, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: On appeal from his convictions of two counts of robbery in the first degree, three counts of grand larceny in the fourth degree, and two counts of criminal possession of stolen property in the fourth degree, defendant contends that the court's designation of Joanne Toscano as a material witness was procedurally flawed and done merely to prevent defendant from calling Toscano as an alibi witness. This issue has not been preserved for review because, when defendant became aware during trial that Toscano was in custody, he neither objected nor moved for a mistrial. Moreover, defendant lacked standing to challenge the propriety of the material witness proceedings. In those proceedings, "it is the witness, not the defendant, who 'possesses all the rights' (CPL 620.40, subd 1)" *(People v Morin,* 96 AD2d 1135).

We reject defendant's contention that the trial court improperly declared Joanne Toscano to be a hostile witness. The court was aware that Toscano had given statements to the police that supported the People's case, but that she had become evasive when she testified before the Grand Jury and had failed to comply with a subpoena to appear at trial, thus

requiring the People to have her declared a material witness. When the witness continued to respond in an evasive manner to the prosecutor's questions, it was in the court's discretion to designate her a hostile witness (see, People v Marshall, 144 AD2d 1005, lv denied 73 NY2d 893).

Defendant also challenges several rulings whereby the court allowed the prosecutor to impeach Toscano's testimony at trial with her prior sworn statements. All but one of these rulings was proper. The prosecutor impeached Toscano's trial testimony that she visited defendant in jail on one occasion by the use of Grand Jury testimony that she visited defendant in jail twice. Because Toscano's failure to recall the number of visits did not affirmatively damage the People's case, but merely affected her credibility, impeachment was improper (see, People v Hickman, 148 AD2d 937, affd 75 NY2d 891). However, given the overwhelming proof of defendant's guilt, we find the error to be harmless (see, People v Crimmins, 36 NY2d 230).

Although a comment concerning defendant's postarrest silence made by the prosecutor on summation was improper, the court sustained defendant's objection and gave curative instructions to the jury, thereby eliminating any resulting prejudice. We do not find the conduct of the prosecutor to have been so egregious as to require reversal (cf., People v Mott, 94 AD2d 415).

Upon our independent review of the record, we find that, with one exception, the convictions are supported by sufficient evidence (see, People v Bleakley, 69 NY2d 490). The conviction for criminal possession of a stolen firearm must be reversed and that charge dismissed because there was no evidence presented, either direct or circumstantial, that defendant knew the gun was stolen. Knowledge is an essential element of this offense (see, People v Hunt, 112 AD2d 781). Moreover, the presumption of recent and exclusive possession (Penal Law § 165.55 [1]) is not applicable here because the gun had been stolen 3½ years before defendant was charged with possessing it.

We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from judgment of Monroe County Court, Celli, J.—robbery, first degree.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.