OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the Appellate Division that defendant’s trial representation was not constitutionally deficient. The evidence revealed that on September 14, 1989, a Woolworth’s store *856 detective observed defendant on the main shopping floor acting "very suspicious.” The detective and a store manager followed defendant to the basement, where he secreted washcloths in his clothing. Defendant then returned to the main floor where he was intercepted by store personnel.
Defendant denied doing anything wrong, and physically and verbally resisted as he was brought to a back room to be searched. As the group reached the room, defendant, who was being restrained, pulled out a knife and cut the detective’s arm. He then fled toward an exit but encountered the manager in his path, whereupon defendant knocked over an eyeglass rack, which struck the manager’s head. Defendant also cut the manager’s hand. Defendant was eventually captured and held for the police, who found 25 washcloths hidden in his clothing.
Defendant was indicted and tried on two counts each of first and second degree robbery and second degree assault. Defense counsel successfully sought dismissal of one of the first degree robbery counts and won acquittals on both assault counts. The jury convicted defendant of the remaining charges and he now appeals from the Appellate Division order affirming the conviction. The sole claim raised here is ineffective assistance of counsel.
Trial practice is as much an art as a science. Trial lawyers bring their own talents, experiences and personality into the courtroom, and given the unique attributes of each case, must devise and execute appropriate strategy. It is therefore impossible to formulate a litmus test for "inadequate” or "ineffective” legal representation (see, People v Baldi, 54 NY2d 137, 146; People v Droz, 39 NY2d 457, 462). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met” (People v Baldi, 54 NY2d, at 147, supra).
Defendant’s representation satisfied this standard. The defense theory on the robbery charges — implicit in counsel’s cross-examination and explicit in summation — was that defendant committed only a larceny, inasmuch as the force applied assertedly did not "immediately” follow the shoplifting (Penal Law § 160.00 [1]). The factual basis for this strategy was established on cross-examination, where counsel elicited the separation, in time and space, between the larceny in the *857 basement and the later use of force on the first floor. Contrary, to defendant’s current claim, this was a reasonable trial strategy, and indeed, is not much different than the theory defendant now urges should have been adopted.* As is evident from the length of its deliberations and the nature of its questions, the jury gave this defense serious consideration. Under the circumstances, we cannot agree with appellate counsel that the strategy adopted by trial counsel was untenable.
Nor can we agree with defendant that trial counsel’s failure to object to several of the supplemental jury instructions constituted ineffective representation. The Appellate Division, exercising its interest of justice powers, concluded that "when considered in full and in context [the instructions] neither misstated the applicable law nor tended, in the end, to confuse or coerce the jury.” (183 AD2d 534, 535.) We cannot say that trial counsel was ineffective for failing to preserve objections to these instructions.
Defendant’s remaining contentions are without merit.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
Order affirmed in a memorandum.

 No challenge is made here to the sufficiency of the evidence.