■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN FORD, Appellant. [612 NYS2d 575] —Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered March 14, 1990, convicting defendant, after a jury trial, of two counts of conspiracy in the second degree, two counts of murder in the second degree, and one count each of burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 8 to 24 years on each conspiracy count, to be served consecutively to concurrent terms of 22 years to life, 5 to 15 years, 5 to 15 years, and 2⅓ to 7 years on the murder, burglary, and second and third degree weapon possession counts, respectively, unanimously affirmed.

Contrary to defendant's contention, there was sufficient corroboration of accomplice testimony *(People v Breland,* 83 NY2d 286), especially since nonaccomplice eyewitnesses directly implicated defendant in aspects of both the murder and the drug conspiracy.

Nor is there merit to defendant's contention that his motion to suppress physical evidence was improperly denied. The search of the car flowed directly from the lawful discovery of bullets and drugs on defendant's person *(People v Ellis,* 62 NY2d 393) and was completely attenuated from the "seizure", if any, of the car *(People v Arnau,* 58 NY2d 27, *cert denied* 468 US 1217), which was, in any event, a reasonable exercise of police discretion *(see, Colorado v Bertine,* 479 US 367, 375).

Defendant was not prejudiced by his absence from a portion of a *Sandoval* proceeding, where the only issues resolved with finality were resolved in defendant's favor *(People v Favor,* 82 NY2d 254, 268).

We find no error in the reception of evidence of defendant's drug activity outside the time frame of, but closely connected to, the charged drug conspiracy *(People v Cunningham,* 48 NY2d 938, 940; *see also, People v Ventimiglia,* 52 NY2d 350, 360-361); nor of a witness's cooperation agreement *(People v Cherry,* 161 AD2d 185, 186-187, *lv denied* 76 NY2d 854); nor of photographs of the victim's body *(People v Stevens,* 76 NY2d 833, 835). Admission of evidence that defendant's wife purchased a car for cash, though error, since it was irrelevant, was harmless given the overwhelming evidence of guilt.

Defendant was not denied effective assistance of counsel by his counsel's appropriate strategic concessions in summation *(People v Satterfield,* 66 NY2d 796, 799), notwithstanding defendant's disagreement with counsel's strategy *(see, People v Ferguson,* 67 NY2d 383, 390).

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them largely unpreserved and without merit. Concur—Carro, J. P., Wallach, Ross, Rubin and Tom, JJ.