■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH McPHATTER, Appellant. [653 NYS2d 1] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered September 20, 1994, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of $7^1/2$ to 15 years, unanimously affirmed.

Defendant's right to be present at a sidebar conference during the jury voir dire was not violated. The record indicates that the prospective juror in question was disqualified by the court for cause, based upon the court's consideration of the venireperson's expressed potential for bias. In such circumstances, defendant could not have made any meaningful contribution to the sidebar exchange and thus his presence was not required (*People v Roman*, 88 NY2d 18, 28).

Defendant's claims of violation of the mode of proceedings prescribed by law and violation of his right to be present during jury instruction are unsupported by the record. In this con-

nection, the trial court properly directed a court officer to complete the ministerial task of delivering to the jury, as requested, a gun that had been entered into evidence and, with the consent of counsel, the court properly directed the officer to assist the jury, if necessary, in removing the gun from the evidence bag and replacing the magazine so that the exhibit would be presented whole (CPL 310.10; *People v Bonaparte*, 78 NY2d 26, 30-31). Defendant's claims that the procedure permitted the officer in question to improperly conduct a demonstration, and improperly instruct the jurors regarding their duties and obligations, are purely speculative.

We perceive no abuse of discretion in sentencing. Contrary to defendant's argument, the sentencing minutes reflect that the sentence was based solely on permissible criteria. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.