■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY OWENS, Appellant. [653 NYS2d 107] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered June 23, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, assault in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, 8 years to life, and 6 years to life, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the second-degree weapon possession conviction to a term of 20 years to life and otherwise affirmed.

Defendant's claim that the prosecutor's explanations for the exercise of certain peremptory challenges were pretextual is unpreserved (*People v Rivera*, 225 AD2d 392, *lv denied* 88 NY2d 969). Were we to review this claim in the interest of justice, we would find that the record supports the trial court's implicit finding (*see, People v Chipp*, 75 NY2d 327, 329, *cert denied* 498 US 833) that the prosecutor's race-neutral explanations were non-pretextual. The prosecutor manifestly did not engage in disparate treatment of similarly situated venirepersons. Since defendant did not request that the voir dire be recorded, his present claim in that regard is likewise unpreserved. In any event, the available record is sufficient for appellate review of defendant's claim (*see, People v Harrison*, 85 NY2d 794).

Defendant's right to be present at a material stage of his trial was not implicated by his exclusion from a material witness conference (*People v Lovett*, 192 AD2d 326, *lv denied* 82 NY2d 722). Since defendant never requested access to the appropriately sealed minutes of the hearing, his present claim that he was entitled to such access for impeachment purposes is unpreserved (*see, People v Lopez*, 160 AD2d 565, 566, *lv denied* 76 NY2d 860).

We find the sentence on the second-degree weapon possession conviction excessive to the extent indicated. Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.