■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BYRNE, Appellant. [657 NYS2d 31] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered October 6, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 4 to 12 years, unanimously affirmed.

By failing to request transcription of the attorneys' voir dire questioning of the first panel of prospective jurors, defendant waived such transcription (*People v Owens*, 235 AD2d 268). In any event, defendant has not been prejudiced by its absence (*People v Harrison*, 85 NY2d 794, 796).

The undercover officer's radioed statement that he had just seen defendant sell drugs, and his sergeant's response that he should wait and continue his surveillance until the backup team was in place, were properly admitted to explain why the police did not arrest defendant after his first sale (*see, People v Hynes*, 193 AD2d 516, *lv denied* 82 NY2d 755; *People v Candelario*, 156 AD2d 191, *lv denied* 75 NY2d 964; *see also, People v Lantigua*, 231 AD2d 437, *lv denied* 89 NY2d 865).

We conclude that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137). Defendant's trial counsel properly exercised independent professional judgment (*see, People v Ferguson*, 67 NY2d 383, 390; *People v Ford*, 205 AD2d 310, *lv denied.* 84 NY2d 1011), and the court's decision denying defendant's CPL 330.30 motion, which had claimed ineffective assistance, was amply supported by the record.

We perceive no abuse of sentencing discretion, and find that the sentence was based entirely on permissible criteria. Concur—Murphy, P. J., Ellerin, Nardelli, Williams and Andrias, JJ.