■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO VANEGAS, Appellant. [663 NYS2d 140] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered on or about November 17, 1986, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and two counts of criminal possession of a weapon in the fourth degree, and sentencing him to two concurrent terms of 15 years to life and two concurrent prison terms of 1 year, and order, same court and Justice, entered on or about March 17, 1989, which denied defendant's motion to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Each conviction was supported by overwhelming evidence.

Defendant's challenges to allegedly "false" testimony are without merit. Specifically, at both the suppression hearing and at trial, the undercover officer repeatedly and unequivocally testified that, during negotiations, defendant never used the words "cocaine" or "kilogram". The undercover never falsely claimed otherwise, nor did he try to mislead the jury, as defendant contends. He was properly permitted to testify to the meanings of slang references and code words used by defendant, and commonly used by drug dealers, since they are not within the ken of the average juror (*see, People v Cronin*, 60 NY2d 430).

Defendant's motion to suppress statements was properly denied. Since defendant failed to raise the issue of the legality of his arrest in his motion or at the hearing, and since the issue was never ruled upon by the court, appellate review of defendant's present claims related to that issue is foreclosed. The record establishes that defendant's medical condition had no effect on his statements.

Defendant's claims that he was prejudiced by late disclosure of certain *Rosario* material, and that other *Rosario* material was never disclosed at all, are unpreserved (*see, People v Tamayo*, 222 AD2d 321, *lv denied* 88 NY2d 886) and unsupported by the record.

The court properly relied on defense counsel's consent to close the courtroom during the testimony of a confidential informant. Closure of a courtroom is not among those fundamental decisions that require a defendant's personal consent (*People v Colon*, 90 NY2d 824). In any event, credible evidence developed at the CPL 440.10 hearing established that counsel repeatedly discussed the issue with defendant and defendant expressed no reluctance, instead telling counsel that he would leave the decision to him.

We conclude that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Colabella, JJ.