■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAO YING PAN, Also Known as DAVID PAN, Appellant. [666 NYS2d 154] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 15, 1994, convicting defendant, after a jury trial, of promoting prostitution in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Evidence that coercion against one of the complainants began in defendant's apartment, where this complainant was kept under guard and forced to engage in acts of prostitution for an extended period of time; that defendant exercised control over the activities in his apartment; and that defendant transported this complainant at the direction of the individual who initiated the coercion and directed continuation of the forced prostitution, proved beyond a reasonable doubt defendant's guilt, on an acting in concert theory, of promoting prostitution in the second degree (Penal Law § 230.30 [1]).

Since defendant did not request that the lesser included offense of promoting prostitution in the fourth degree be submitted to the jury, the court's failure to do so does not constitute

error (CPL 300.50 [2]; *see also, People v Green*, 56 NY2d 427, 430).

The court properly ruled that testimony regarding uncharged violent crimes by a codefendant against certain of the complainants was admissible to prove the coercion element of the charged crimes, and that the probative value of such evidence outweighed the potential for prejudice (*see, People v Hudy*, 73 NY2d 40, 55).

With reference to the claim of juror misconduct, defendant made no request for jury inquiry beyond that conducted by the court. The only relief defendant sought was a mistrial. Furthermore, the court properly exercised its discretion in summarily denying defendant's motion to set aside the verdict based on alleged misconduct during jury deliberations, because the motion contained no sworn allegations of fact by any individual having actual knowledge thereof (*People v Salaam*, 187 AD2d 363, *affd* 83 NY2d 51). The submissions on defendant's motion to vacate the judgment on the same grounds are not properly before this Court because defendant did not obtain leave to appeal the denial of the motion (CPL 460.15). In any event, we note that defendant offers no more than speculative claims of juror misconduct and prejudice, which are refuted by the record.

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.