■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BARNES, Appellant. [673 NYS2d 366] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 21, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent prison terms of 3½ to 7 years, 1 year and 1 year, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. With regard to the resisting arrest charge, there was ample evidence that defendant knew that the men detaining him were police officers and that he was being arrested (Penal Law § 205.30). We reject defendant's attack on the homogenizing process utilized by the chemist and find that the random sampling established that defendant possessed 919 milligrams of cocaine to support the fifth-degree possession charge (*see*, *People v Butler*, 248 AD2d 274).

Defendant's suppression motions were properly denied in all respects. Under the totality of the circumstances, there was probable cause to arrest defendant (*People v Jones*, 90 NY2d 835). In this drug prone location, the experienced narcotics officer observed defendant and an unapprehended male go through a hole in a fence, whereupon defendant exchanged an object that he retrieved from a brown paper bag that he was carrying for money. Accordingly, the bag that defendant dropped after being lawfully pursued by the officer was searched incident to a lawful arrest, and was, in any event, abandoned. Defendant's statements were not the product of interrogation (*see*, *Rhode Is. v Innis*, 446 US 291).

Defendant's claim that the trial court effectively precluded him from making a summation with respect to the resisting arrest charge is unpreserved for appellate review and we decline

to review it in the interest of justice. Were we to review it, we would find that defense counsel succeeded in adequately presenting defendant's position on this charge in summation.

To the extent that defendant's claim that he was denied effective assistance of counsel may be reviewed without the benefit of a CPL 440.10 motion (*People v Brown*, 45 NY2d 852), we find that trial counsel employed a successful strategy by candidly conceding that defendant possessed the drugs in the brown bag for his personal use in order to defeat the more serious charge of possession with intent to sell (*People v McCaskell*, 217 AD2d 527, 529, *lv denied* 87 NY2d 848). We reject defendant's argument that such a concession is tantamount to a partial plea of guilt, thus requiring defendant's express consent (*see, People v Ferguson*, 67 NY2d 383, 390; *People v Ford*, 205 AD2d 310, *lv denied* 84 NY2d 1011). In any event, we note that defendant, in his own testimony, conceded possession for personal use. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.