■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUEN PANG, Also Known as YUEN PAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZHEN DI LI, Appellant. [680 NYS2d 206] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 15, 1994, convicting defendant Yuen Pang, after a jury trial, of promoting prostitution in the second degree (two counts), and sentencing

him to concurrent terms of 4 to 12 years, unanimously affirmed. Judgment, same court and Justice, rendered June 29, 1994, convicting defendant Zhen Di Li, after a jury trial, of kidnapping in the first degree (two counts) and promoting prostitution in the second degree (three counts), and sentencing him to two concurrent terms of 15 years to life, to run consecutively to three concurrent terms of 5 to 15 years, unanimously affirmed. Orders, same court and Justice, entered on or about May 3 and November 29, 1995, which, respectively, denied defendant Li's motion to vacate judgment and motion for renewal, unanimously affirmed.

By failing to request transcription of the *voir dire* of prospective jurors, defendant Pang waived such transcription (*see, People v Byrne*, 239 AD2d 107; *People v Owens*, 235 AD2d 268, *lv denied* 90 NY2d 896), and, in any event, Pang was not prejudiced by the absence of the *voir dire* record (*see, People v Harrison*, 85 NY2d 794, 796).

Defendant Pang's claim that he was deprived of a fair trial as a result of the trial court's alleged excessive intervention in the trial and biased remarks toward his attorney in open court is not preserved for review (*see, People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to address the issue, we would find that the court's remarks do not warrant reversal.

Pang's claim that the court improperly delegated a judicial function was expressly waived. There was no violation of the mode of proceedings prescribed by law because the act of sending the court officer to give the jury specific information was, under the circumstances, ministerial in nature (*see, People v McPhatter*, 235 AD2d 233, *lv denied* 89 NY2d 1038; *People v Roldan*, 173 AD2d 233, *lv denied* 78 NY2d 926).

Defendant's claims relating to alleged jury misconduct, the court's inquiry on that subject, and the denial of defendant's CPL 330.30 motions are similar to those rejected on a co-defendant's appeal (*see, People v Shao Ying Pan*, 245 AD2d 149, *lv denied* 91 NY2d 977). The instant defendant's claims suffer from the same procedural and substantive defects as those of co-defendant Pan, and we see no reason to reach any different result herein. Defendant Li's original and renewed CPL 440.10 motions added nothing of significance to the speculative claims he previously raised, and those motions were properly denied. Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.