■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANDY LEE RAYAM, Appellant. [691 NYS2d 27] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 20, 1996, convicting defendant, after a jury trial, of two counts of sodomy in the first degree, and one count each of burglary in the second degree, sexual abuse in the first degree, unlawful imprisonment in the second degree, menacing in the second degree and criminal trespass in the second degree, and sentencing him to concurrent terms of 4 to 12 years on each of the sodomy convictions, 2½ to 7 years on the burglary conviction, 2 to 6 years on the sexual abuse conviction and 1 year on each of the remaining convictions, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility were properly presented to the jury and we see no reason to disturb its findings. Defendant's attack on the weight of the evidence based on a claimed inconsistency in the jury's verdict "calls for an impermissible invasion of the jury's deliberative processes" (*People v Rivera*, 201 AD2d 377, *lv denied* 87 NY2d 875).

Defense counsel's consent constituted a waiver of defendant's present challenges to the court's communication to the deliberating jury, conveyed through a court officer in defendant's absence, to cease its deliberations for the evening and not to resume again until the jury returned to the jury room the following morning (*People v Yuen Pang*, 254 AD2d 101).

Contrary to defendant's claim that this procedure was a non-waivable defect, we find that these instructions were ministerial (*People v Nacey*, 78 NY2d 990; *People v Bonaparte*, 78 NY2d 26). Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.