■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BOND, Appellant. [696 NYS2d 179] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered December 20, 1994, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, (2), by permission, from an order of the same court (Leventhal, J.), dated August 7, 1998, which, after a hearing, denied his motion pursuant to CPL article 440 to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, viewing the evidence, the law, and the circumstances of this case, as of the time of the representation, we find that he was not deprived of the effective assistance of counsel (see, People v Ford, 86 NY2d 397, 404; People v Ellis, 81 NY2d 854, 856; People v Baldi, 54 NY2d 137, 147).

The hearing court properly concluded that the defendant's statement to the police, after he had earlier invoked his right to counsel, was spontaneous and voluntary, and therefore admissible (see, People v Rivers, 56 NY2d 476, 479; People v Moore, 248 AD2d 405; People v Pereda, 200 AD2d 774).

The defendant's claim that his constitutional rights were violated by the holding of the material witness hearing without his or his attorney's knowledge and presence is unavailing (see, People v Owens, 235 AD2d 268; People v Turaine, 227 AD2d 299). Neither the defendant nor the prosecution is entitled to notice of an application for a material witness hearing, and neither party has standing to contest or to participate in a hearing on an application made by the other (see, People v Brown, 195 AD2d 967; People v Davis, 163 AD2d 826; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 620.50, at 330).

The defendant's remaining contentions are without merit. S. Miller, J. P., O'Brien, Ritter and Florio, JJ., concur.