■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HAMILTON, Appellant. [708 NYS2d 136] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered July 12, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated April 2, 1996, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant's claim that a detective's notebook was not disclosed to his attorney in a timely manner is belied by the record. The defendant concedes that a *Rosario* packet (*see, People v Rosario,* 9 NY2d 286), which included the detective's notebook, was turned over to his attorney during jury selection. There was no *Rosario* violation since the People furnished the defendant with a copy of the notebook well before the time prescribed by CPL 240.45 (1) (a).

The defendant also contends that he was prejudiced at trial because sealed transcripts of ex parte discussions between the trial court and the prosecutor were not turned over to him. However, the defendant concedes that the ex parte discussions pertained to efforts which were being made by the People to procure the appearance of the sole eyewitness at the trial. "Neither the defendant nor the prosecution is entitled to notice of an application for a material witness hearing, and neither party has standing to contest or to participate in a hearing on an application made by the other" (*People v Bond,* 264 AD2d 851; *see also, People v Owens,* 235 AD2d 268; *People v Turaine,* 227 AD2d 299; *People v Brown,* 195 AD2d 967; *People v Davis,* 163 AD2d 826).

The defendant was not denied the effective assistance of counsel because his attorney failed to call certain witnesses. At the time of trial, the alleged witnesses were unavailable or unknown to both the defendant and his attorney. Additionally, the defense counsel informed the court that one alibi witness was ill, resided in Connecticut and that "travelling [to court] would be impossible". The defense counsel further advised the court that another alibi witness was too frightened and had failed to appear in court even though on the previous evening he had agreed to appear. The defense counsel's request for a continuance so he could attempt to persuade this witness to appear was denied. Counsel cannot be considered ineffective because alibi witnesses were too ill to come to court to testify or were unwilling to testify (*see, People v Stewart,* 248 AD2d 414).

The defendant's claim that the People violated their obligation to disclose the existence of exculpatory material (*see, Brady v Maryland,* 373 US 83) is also meritless, since the existence of the claimed exculpatory material was known, or should have been known, to the defendant (*see, People v Rodriguez,* 223 AD2d 605, 606; *People v Banks,* 130 AD2d 498).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or are without merit. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.