■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHANEY, Appellant. [727 NYS2d 372] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he did not effectively waive his right to a jury trial (*see, People v Cotton,* 167 AD2d 884, *lv dismissed* 77 NY2d 904, *cert denied* 513 US 1093; *People v Logue,* 115 AD2d 285, *lv denied* 67 NY2d 886). Defense counsel's concession of defendant's guilt of the second and third counts of the indictment was part of a reasonable trial strategy and did not deny defendant meaningful representation (*see, People v Ellis,* 81 NY2d 854, 856-857; *People v Goss,* 229 AD2d 791, 793). Nor was defense counsel's concession "tantamount to a partial plea of guilt, thus requiring defendant's express consent" (*People v Barnes,* 249 AD2d 227, 228, *lv denied* 92 NY2d 893). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of harassment in the second degree (*see, People v Gray,* 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Supreme Court substantially complied with the requirements of CPL 400.21 in sentencing defendant as a second felony offender (*see, People v Graham,* 67 AD2d 172, 179; *see also, People v Goodings,* 277 AD2d 725, *lv denied* 96 NY2d 735), and the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Contempt, 1st Degree.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.