THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WARNEY, Appellant. [750 NYS2d 731] —Appeal from a judgment of Supreme Court, Monroe County (Galloway, J.), entered February 27, 1997, convicting defendant after a jury trial of murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). Supreme Court properly denied the motion of defendant to suppress his oral and written statements. Defendant contacted the police because he wanted to give them information about the murder. When two detectives arrived at his house, he agreed to accompany them to the police station. Under these circumstances, "[a] reasonable person, innocent of any crime, would not have believed he was in custody" (*People v Ludlow,* 187 AD2d 936, 937, *lv denied* 81 NY2d 888). There is thus no basis to suppress his oral statements made before he was given *Miranda* warnings. Defendant further contends that his statement to the supervisor of the central booking area at the jail should have been suppressed because it was made after his right to counsel had attached. The record supports the court's determination that the statement was spontaneous. Defendant greeted the supervisor, with whom he was familiar. The supervisor responded, "[H]ow ya' doin', what's up?" It cannot be said that the supervisor's response to defendant's greeting should reasonably have been anticipated to evoke an incriminating response from defendant (*see People v Folger,* 292 AD2d 841, *lv denied* 98 NY2d 675). The ensuing statement by defendant therefore was spontaneous (*see People v Damiano,* 87 NY2d 477, 486-487).

The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Defendant confessed to the crime and gave accurate descriptions of many details of the crime scene. Defendant testified at trial that the police threatened him and forced him to confess to the crime. Two police detectives, however, testified that they did not threaten defendant, and that defendant was cooperative with them. In fact, defendant does not dispute that it was he who contacted the police in the first instance and provided them with infor-

mation about the murder. Issues with respect to "the credibility of prosecution witnesses concerning the voluntariness of the confession were for the jury to decide, and there is no basis in the record to disturb the jury's resolution of those issues" (*People v Sanchez,* 267 AD2d 960, 960, *lv denied* 94 NY2d 906).

Contrary to the further contention of defendant, defense counsel's failure to call three witnesses at trial does not constitute ineffective assistance of counsel (*see People v Brooks,* 283 AD2d 367, 368, *lv denied* 96 NY2d 916; *People v Hamilton,* 272 AD2d 553, 554, *lv denied* 95 NY2d 935). One of the witnesses failed to appear at trial because she was ill, and defense counsel "cannot be considered ineffective because [an] alibi witness[ ] w[as] too ill to come to court to testify" (*Hamilton,* 272 AD2d at 554). Nor does defense counsel's failure to learn of the existence of a second witness constitute ineffective assistance of counsel (*see id.*). Finally, even if defense counsel had located the third witness by the time of trial, that witness would not have been permitted to testify. The relevance of his proposed testimony concerning the possible culpability of a third party would have been outweighed by the potential for "undue prejudice to the [People], confusing the issues or misleading the jury" (*People v Primo,* 96 NY2d 351, 355). Based upon the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-713; *People v Baldi,* 54 NY2d 137, 147). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.