■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK MONROE, Also Known as DAVID TODD, Appellant. [774 NYS2d 334]—

Judgments, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 14, 2002, convicting defendant, after a jury trial, of six counts of burglary in the first degree, two counts of burglary in the second degree, three counts of robbery in the first degree, two counts of robbery in the second degree, two counts of robbery in the third degree, one count of assault in the first degree and three counts of sexual abuse in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 155 years, unanimously affirmed.

On the existing record, which defendant has not sought to expand by way of a CPL 440.10 motion whereby trial counsel could explain his strategy (*see People v Love*, 57 NY2d 998 [1982]), we conclude that defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's conduct of the trial (*People v Rivera*, 71 NY2d 705, 709 [1988]). Given the overwhelming evidence of defendant's guilt, and bearing in mind that "[c]ounsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101 [1995]), we find that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's strategy of concentrating his attack upon those charges that were supported by the least evidence, while at no point expressly conceding defendant's guilt of the other charges, was reasonable under the circumstances (*see People v Hogencamp*, 295 AD2d 643 [2002], *lv denied* 98 NY2d 697 [2002]; *People v Chaney*, 284 AD2d 998 [2001], *lv denied* 96 NY2d 917 [2001]), and this strategy did not impair the fairness of the trial or affect its result.

Counsel's strategy was not the functional equivalent of a guilty plea or a total abandonment of defendant's right of confrontation (*compare United States v Plitman*, 194 F3d 59, 62-64 [1999], *with Brookhart v Janis*, 384 US 1 [1966]).

Furthermore, there was no failure by counsel to subject the prosecution's case to meaningful adversarial testing (*see Bell v Cone*, 535 US 685, 696-698 [2002]).

To the extent that defendant is challenging a ruling made by the court concerning voir dire of prospective jurors, that claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the ruling was a proper exercise of discretion. Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.