THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARRICK, Also Known as GARRICK JOHN, Appellant. [783 NYS2d 371]—

Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 16, 2000, convicting defendant, after a jury trial, of conspiracy in the second and fourth degrees and two counts each of attempted murder in the second degree, criminal possession of a weapon in the second and third degrees and assault in the second degree, and sentencing him to an aggregate term of 56 to 112 years, unanimously modified, on the law, to the extent of directing that the sentences for the weapon possession convictions are to run concurrently with the sen-

tences for the attempted murder conviction and the assault conviction under count 11, and otherwise affirmed.

The verdict was not against the weight of the evidence. Issues of credibility and identification, including the weight to be given the backgrounds of the People's witnesses and inconsistencies in their testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). We conclude that the testimony of an accomplice was amply corroborated.

Defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Given the evidence, counsel made a reasonable strategic choice to concede defendant's guilt of fourth-degree conspiracy, the least serious of the many charges (*see People v Ellis,* 81 NY2d 854, 854-857 [1993]). "We reject defendant's argument that such a concession is tantamount to a partial plea of guilt, thus requiring defendant's express consent." (*People v Barnes*, 249 AD2d 227, 228 [1998], *lv denied* 92 NY2d 893 [1998] [citations omitted]; *see also State v Gordon*, 262 Wis 2d 380, 394-397, 663 NW2d 765, 773-774 [2003], and cases cited therein.) "[T]here is a distinction which can and must be drawn between . . . a tactical retreat and . . . a complete surrender" (*Clozza v Murray*, 913 F2d 1092, 1099 [4th Cir 1990], *cert denied* 499 US 913 [1991]). Notwithstanding this tactical concession, counsel subjected the prosecution's case to "meaningful adversarial testing" (*United States v Cronic,* 466 US 648, 656 [1984]; *see also Bell v Cone*, 535 US 685, 696-698 [2002]; *compare Brookhart v Janis*, 384 US 1 [1966]). Defendant's remaining claims of ineffective assistance are unavailing (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]).

Defendant was not deprived of his right to be present at material stages of the proceedings. We conclude that on two of the occasions at issue, only legal matters not requiring defendant's presence were raised (*see People v Rodriguez*, 85 NY2d 586, 591 [1995]; *People v Brathwaite*, 238 AD2d 125 [1997], *lv denied* 90 NY2d 891 [1997]), and that, on a third occasion, defendant was actually present notwithstanding an error in the original transcript.

The sentences for the weapon possession convictions were required to run concurrently with the sentences for the attempted murder and assault convictions arising out of the incidents on April 24, 1991 and April 26, 1991. In each of those incidents, there was "no proof that defendant possessed the weapon at any time other than at the moment" that he opened fire (*People v White*, 228 AD2d 209, 210 [1996], *lv denied* 88

NY2d 1072 [1996]). Instead, the victims merely testified that defendant accosted them and commenced firing.

We have considered and rejected defendant's remaining claims, including his other contentions regarding his sentences. Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.