*958 OPINION OF THE COURT
Stephen K. Lindley, J.
Having been convicted following a jury trial of two counts of robbery in the first degree, defendant moves, pursuant to CPL 440.10, to vacate the judgment of conviction on grounds of ineffective assistance of counsel. More specifically, defendant contends that his court-appointed attorney lacked authority to concede guilt, without his consent, to a lesser charge of robbery in the second degree.
For the reasons that follow, the motion is granted and a new trial ordered.
Facts
Defendant was arrested on September 18, 200.3, for his alleged participation earlier that day in an armed robbery at a convenience store. The indictment charged two counts of robbery in the first degree, alleging that, by displaying what appeared to be handguns, defendant and a codefendant forcibly stole money from the store manager and a customer who entered the store a few minutes later.
Defendant pleaded not guilty. Following various pretrial proceedings, including a suppression hearing, the case was transferred to this court for trial.
During voir dire, defense counsel, through questions he posed to the prospective jurors, indicated that his theory of the case might be that defendant committed robbery in the second degree rather than robbery in the first degree, as charged in the indictment. Counsel hinted that his client was involved in the robbery but that the firearms displayed in the commission of the crime were not loaded or operable.[1]
It became clear during his opening statement that this was, in fact, defense counsel’s trial strategy. He stated to the jury as follows:
“It’s important for you to understand at the outset, ladies and gentlemen, that my client does not dispute his participation in the robbery and doesn’t ask you in the course of your deliberations to excuse *959 him. The proof with respect to the robbery is quite secure. The District Attorney’s proof is less secure, however, with respect to whether the handguns used in the indictment were loaded and operable . . .
“In his instructions, Judge Lindley will tell you that if you are not satisfied beyond a reasonable doubt that the handguns were loaded and operable, you should consider the lesser-included charge of robbery in the second degree ... I have suggested to you that the appropriate verdict in this case is not robbery in the first degree, but what I’ve referred to as a lesser charge. It remains to be seen whether the proof will support my theory or that of the District Attorney.”
The first witness for the prosecution was the store manager, and defense counsel’s cross-examination was limited to questions concerning the firearms. Immediately after this witness stepped down from the stand, defendant and his attorney became engaged in what appeared to be a heated argument. The jury was excused. After a few minutes of continued discussion with his client, counsel indicated to the court that defendant would like to make a statement on the record.
Upon being asked by the court what was on his mind, defendant stated, in sum and substance, that he was innocent of all charges and that he objected to the concession of guilt made by his attorney during the opening statement. Defendant further stated, among many other things, that he never told his attorney that he was guilty and that he had been telling his attorney for weeks, “please do not try my case like that,” referring to the concession of guilt to a lesser charge.
Somewhat surprised to hear defendant say that he disagreed with the decision to concede guilt on the lesser charge, the court asked defense counsel whether he wished to be heard. Counsel responded as follows:
“Your honor, I regard most of what my client is objecting to as matters of trial strategy, for one thing. I know that the last time that I visited him in jail, which I believe was last week ... I told him that in view of the — what I took to be the strength of the ID portion of the district attorney’s case, that I was going to try this on one theory alone and he knew that. He knew that. And since that time, Your Honor, [he] has turned down two plea offers. I continue to maintain that expending my energy *960 challenging what I take to be the most powerful portion of the district attorney’s case is in fact going to distract the jury from what I think is its weaker part. I continue to believe that considering the testimony of the first witness.”
Inasmuch as defendant had not specifically requested another attorney and counsel did not move to be relieved, the court noted defendant’s concern and continued with the trial. As defense counsel predicted, the evidence with respect to defendant’s participation in the robbery was overwhelming, and he acknowledged such during his summation.
The only issue presented to the jury was whether defendant had met his burden of proof on the affirmative defense. As stated above, this defense required a finding that the firearms used in the robbery were not loaded and operable.
If the defense were accepted by the jury, defendant would have been found guilty of robbery in the second degree, which, for defendant, a predicate felon, carries a mandatory minimum sentence of 5 years’ imprisonment and a maximum sentence of 15 years. The sentence range for defendant if convicted of robbery in the first degree is between 8 and 25 years. The jury rejected the affirmative defense, finding defendant guilty of both counts of first degree robbery.
It was apparent during the course of the trial that defendant and his attorney had difficulty communicating. Defendant seemed quite upset at times with counsel. After the verdict was rendered, the court relieved counsel of his assignment and appointed a new attorney to represent defendant during the post-trial proceedings.
This new attorney filed a motion to set aside the verdict pursuant to CPL 330.30, contending that defendant was not afforded effective assistance of counsel at trial. In an affidavit submitted in support of the motion, defendant stated that he “specifically asked [trial counsel] not to concede that [he] was guilty of Robbery in the Second Degree. [He] did not wish to assert that defense.”
The People submitted an affidavit from defendant’s trial attorney in opposition to the motion. Counsel stated in his affidavit that, prior to trial, he showed defendant a copy of his opening statement in which the concession was made. “Although he was unhappy about my trial strategy,” counsel added, “at no point did he prohibit me from conducting his defense in this way. Not until after Mike McCarthy, the prosecution’s first wit *961 ness testified at trial, did [defendant] allege that I was without authority to concede the identification issue.”
The court denied the motion on procedural grounds (see People v Wolf, 98 NY2d 105, 119 [2002]), without prejudice to defendant’s right to file a CPL 440.10 motion. Following sentencing, defendant then moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), and both sides relied on the same arguments as before and resubmitted the same affidavits.
Discussion
As a preliminary matter, it should be noted that the court does not question the wisdom of defense counsel’s trial strategy. Given the overwhelming evidence connecting defendant to the robbery, including the results of DNA tests, it was a legitimate strategy for counsel to have conceded the issue of identification. By doing so, counsel established credibility with the jurors and focused their attention on the weaker aspects of the prosecution’s case, such as whether the firearms were loaded and operable.
That was not, of course, the only strategy defense counsel could have employed, but, as counsel knew from his review of the discovery materials, the prosecution had a very strong case. It was not unreasonable for counsel to have assumed that any claim of misidentification would have been rejected summarily by the jurors. In short, there was little or no chance that defendant would have been acquitted outright regardless of whether counsel had conceded involvement in the robbery. Defendant’s best hope was to be convicted of robbery in the second degree.
The issue, however, is not whether counsel pursued a sound trial strategy in conceding guilt to the lesser charge. Rather, the issue is whether counsel could concede guilt without his client’s consent. This appears to be an issue of first impression in New York.
A. The Decision to Concede Guilt is Fundamental
“It is well established that a defendant, ‘having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case’ such as ‘whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal’ ” (People v Colon, 90 NY2d 824, 825-826 [1997], quoting People v White, 73 NY2d 468, 478 [1989]; see Jones v Barnes, 463 US 745, 751 [1983]; see also People v Petrovich, 87 NY2d 961 [1996]). “With respect to strategic and tactical *962 decisions concerning the conduct of trials, by contrast, defendants are deemed to repose decision-making authority in their lawyers” (People v Colon, 90 NY2d at 826; see People v Terry, 309 AD2d 973 [3d Dept 2003]).
The line separating strategic decisions and fundamental decisions is not always clear. The following decisions have been held to be strategic ones the lawyer can make unilaterally: whether to consent to a mistrial (People v Ferguson, 67 NY2d 383 [1986]); whether to consent to the closure of the courtroom (People v Vanegas, 243 AD2d 261 [1st Dept 1997]); whether to forgo a duplicate suppression hearing (People v Parker, 290 AD2d 650 [3d Dept 2002]); whether to waive a statutory speedy trial claim (People v Trepasso, 197 AD2d 891 [4th Dept 1993]); whether to strike or challenge a particular prospective juror (People v Colon, 90 NY2d 824 [1997]); whether to waive operation of CPL 180.80 (People v Johnson, 150 Misc 2d 1024 [Sup Ct, NY County 1991]); and whether to submit a lesser included offense to the trier of fact (People v Taylor, 2 AD3d 1306 [4th Dept 2003]).
On the other hand, in addition to the decisions of whether to plead guilty, to waive a jury trial, to testify and to appeal, courts have determined that the following decisions are fundamental (i.e., cannot be made without the accused’s consent): whether, in a murder case, to request submission of the extreme emotional disturbance defense to the trier of fact (People v Petrovich, 87 NY2d at 963); whether to offer mitigating evidence during the sentencing phase of a capital case (People v Lavalle, 181 Misc 2d 916 [Sup Ct, Suffolk County 1999]); and whether to pursue the insanity defense (see People v McMillan, 148 Misc 2d 738 [Sup Ct, Bronx County 1990], affd 212 AD2d 445 [1st Dept 1995]); Dean v Superintendent, Clinton Correctional Facility, 93 F3d 58 [2d Cir 1996]).
Although the issue has yet to be decided in any reported New York cases, there does not appear to be much dispute in judicial circles that an attorney cannot concede guilt at trial to the charges contained in the indictment without consent of the accused (see e.g. Wiley v Sowders, 647 F2d 642, 650-651 [6th Cir 1981]; People v Redmond, 50 Ill 2d 313, 316-317, 278 NE2d 766, 768-769 [1972]; State v Wiplinger, 343 NW2d 858 [Minn Sup Ct 1984]; see also Brookhart v Janis, 384 US 1 [1966]). Such a concession is considered the functional equivalent of a guilty plea, which, of course, must be entered voluntarily by the defendant.
It is a closer question whether counsel has authority to concede a client’s guilt at trial to a lesser charge. The out-of- *963 state case law is split. Some courts have held that counsel’s concession of guilt to a lesser charge, without the defendant’s consent, does not deprive the defendant of effective assistance of counsel where the proof of guilt is overwhelming and it appears to have been a sound strategy (see McNeal v Wainwright, 722 F2d 674 [11th Cir 1984]; People v Siverly, 194 Ill App 3d 981, 551 NE2d 1040 [1990]; Alexander v State, 782 SW2d 472 [Mo Ct App 1990]).
Other courts have required the client’s consent regardless of the level of proof (see State v Carter, 270 Kan 426, 14 P3d 1138 [Sup Ct 2000]; Nixon v Singletary, 758 So 2d 618 [Fla Sup Ct 2000]; State v Harbison, 315 NC 175, 337 SE2d 504 [Sup Ct 1985]; State v Anaya, 134 NH 346, 592 A2d 1142 [Sup Ct 1991]).[2] In the states that require consent of the accused, some require it to be placed on the record, others do not.
This court concludes that, under the circumstances of this case, counsel’s decision to concede guilt to robbery in the second degree during his opening statement was a fundamental decision that could not be made without defendant’s consent. As a direct result of counsel’s concession, defendant, a predicate felon, faced a minimum of 5 years’ imprisonment (assuming concurrent sentences on each count of robbery in the second degree) and, if sentenced consecutively, an aggregate maximum term of 20 years (see Penal Law § 70.30 [1] [e]). That is the sentence range for defendant if convicted of both counts of the lesser charge. Any decision that exposes a defendant to such punishment is, in this court’s view, fundamental.
It is true, as the People point out, that defendant faced a longer sentence if convicted of robbery in the first degree (between 8 and 25 years on each count). It is also true that, given the abundant proof of guilt, defendant was highly unlikely to have been acquitted outright if he had contested the identification issue.
As noted above, however, it is irrelevant whether counsel acted wisely in conceding guilt on the lesser charge. The question is whether counsel can make that decision for his client.
Suppose that the prosecution and the court had offered to allow defendant to plead guilty to robbery in the second degree. Suppose further that defense counsel had good reason to believe *964 that it was in his client’s best interest to accept the plea. No one could seriously argue that counsel would have authority to enter a guilty plea to the lesser charge without defendant’s consent. Why should it be different if counsel concedes guilt to the same lesser charge at the beginning of trial?
Under both scenarios, it could be said that counsel’s decision was wise, given the anticipated proof of guilt. If, as everyone agrees, defendant would have to agree to the guilty plea, it follows that he should also have to agree to the concession of guilt at trial. If anything, the need for consent would seem to be greater for the concession because, unlike with the plea, defendant is not guaranteed to avoid conviction on the top count.
Most of the courts that have ruled otherwise applied the ineffective assistance of counsel standard set forth in Strickland v Washington (466 US 668 [1984]), which requires the defendant to establish prejudice. Those courts reasoned that, even if defense counsel had not conceded guilt to the lesser charge, the evidence of guilt was so strong that the defendant would have been convicted anyway.
If Strickland v Washington were followed in New York, perhaps the same could be said in this case. But the New York Court of Appeals has repeatedly declined to adopt the prejudice requirement of Strickland (see People v Stultz, 2 NY3d 277, 283-284 [2004]; People v Benevento, 91 NY2d 708 [1998]; People v Henry, 95 NY2d 563 [2000]). The New York standard, articulated in People v Baldi (54 NY2d 137 [1981]), does not mandate a showing of prejudice for claims of ineffective assistance of counsel. In other words, the State Constitution has been interpreted to set a higher standard of effectiveness for criminal attorneys than the Federal Constitution (see Muldoon and Feuerstein, Handling a Criminal Case in New York § 2:80 [2002]).
In any event, where, as here, an attorney concedes the issue of identification at the outset of trial, the defendant is deprived not only of his right to effective assistance of counsel, but also his right to a fair trial. At a fair trial, of course, the prosecution has the burden of proving beyond a reasonable doubt every element of the crime charged. A key element to all crimes is the issue of identification.
The practical effect of a concession regarding identification is that People’s burden of proof is lessened. It follows that, if the defendant does not consent to the concession, he is effectively deprived of a fair trial, and the harmless error analysis does not *965 apply to errors of that magnitude (see People v Felder, 47 NY2d 287, 295 [1979]).
The People cite several cases holding that it can be a legitimate trial strategy for defense counsel to concede guilt at trial to a lesser offense (see People v Ellis, 81 NY2d 854 [1993]; People v Procks, 258 AD2d 951 [4th Dept 1999]; People v Allen, 285 AD2d 470 [2d Dept 2001]; People v Goss, 229 AD2d 791 [3d Dept 1996]). The court does not disagree. But the fact that defense counsel adopted a legitimate trial strategy is not determinative.
The decision to waive a jury trial or waive a defendant’s right to testify may also, in the appropriate case, be deemed legitimate trial strategy. It does not follow, of course, that defense counsel has sole authority to make those decisions.
The People also rely on two cases that appear, at least on the surface, to support their position, People v Chaney (284 AD2d 998 [4th Dept 2001]) and People v Barnes (249 AD2d 227 [1st Dept 1998]). In Chaney, the Fourth Department, quoting from Barnes, ruled that defense counsel’s concession of guilt to the second and third counts of the indictment was not “ ‘tantamount to a partial plea of guilt, thus requiring defendant’s express consent’.” (284 AD2d at 998.)
However, the records on appeal in Chaney and Barnes show that neither defendant claimed, either at trial or on appeal, that he did not consent to the concession of guilt. Additionally, both defendants testified at trial and admitted on the stand to having committed the lesser crimes. Here, in contrast, defendant did not testify and did not admit to any crimes.
Finally, the People cite People v Garrick (11 AD3d 395 [2004]), where the First Department, quoting from Barnes, upheld the conviction of a defendant whose attorney conceded guilt during opening statements to a felony offense. The concession, the Court ruled, did not require “express consent.”
The defendant in Garrick, however, did not object to the concession of guilt at trial or anytime thereafter. The issue was raised for the first time on appeal by appellate counsel, who argued that a silent record is tantamount to lack of consent. Here, defendant objected at trial and in a postverdict motion, and, as noted below, it is clear that he did not consent, expressly or otherwise. Thus, unlike in Garrick, our record is not silent on the issue of consent.
*966 B. Defendant Did Not Consent to the Concession
The People further contend that, even if the decision to concede guilt is fundamental, defendant did concede, albeit grudgingly, to his attorney’s concession. The People describe it as a “reluctant concurrence.” The court respectfully disagrees.
Defendant’s trial attorney states in his affidavit that he showed defendant a copy of his opening statement on the day the trial commenced. The concession was contained in this statement. “Though he was unhappy about my trial strategy,” counsel states, “at no point did he prohibit me from conducting his defense in this way.”
The mere fact that defendant did not prohibit counsel from conceding guilt does not mean that he consented to it. Defendant cannot be expected to know that he has the authority to prohibit his attorney from pursuing that strategy.
It is arguable whether defendant, by expressing his unhappiness with the strategy, formally objected to it. But it is clear that defendant never expressly consented, and counsel’s affidavit sets forth no facts from which it could be concluded defendant even acquiesced.
It is not irrelevant to the issue of consent that defendant, less than a week before trial, rejected an opportunity to plead guilty to the indictment with a sentence promise of nine years’ incarceration. The concession of guilt exposed him to 20 years in prison. Additionally, defendant had testified at the grand jury and denied guilt on all charges. Such actions are consistent with one who does not wish to pursue a guilt-based defense. Under the circumstances, counsel should not have pursued such a defense without defendant’s consent, express or implied.
Finally, it is important to note that defendant appeared upset with his attorney immediately after the concession was made and then objected on the record shortly thereafter. This is not a case where the defendant agreed to a trial strategy and then changed his mind after the verdict was returned.
Conclusion
This court is not holding that consent of the accused must be placed on the record every time defense counsel concedes guilt to a lesser charge, although that would be the safer way to proceed. If the defendant had agreed to the guilt-based defense before trial, his motion would be denied despite the absence of consent on the record.
*967 Nor is the court holding that every concession of guilt requires consent of the accused. It may well be that the decision to concede guilt to a misdemeanor or a violation in a felony trial can be made by counsel without consent of the accused or perhaps even over his objection. Depending on the circumstances, such as whether the accused has already served the maximum sentence for the conceded offense, the decision to concede guilt to a nonfelony offense might be deemed nonfundamental.
What the court is holding is that, under the circumstances of this case, where defendant faced a lengthy prison sentence even if convicted of a lesser felony offense, an attorney cannot concede guilt to that lesser felony at the trial without the defendant’s consent.
Because the record does not support a finding that defendant consented to the concession of guilt, and because he objected to the concession on the record early in the trial, defendant’s motion to vacate the judgment of conviction is granted.

. It is an affirmative defense under Penal Law § 160.15 (4) that a firearm displayed during the course of a robbery “was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.” If the trier of fact determines that defendant has met his burden of proof on this defense, it must find the defendant guilty of robbery in the second degree.

. As of the time of this writing, the Florida case, Nixon v Singletary, is pending before the United States Supreme Court (.Florida v Nixon, 540 US 1217 [cert granted Mar. 1, 2004]).