■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESHUN P. WEATHERSBY, Appellant. [815 NYS2d 844]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered October 17, 2002. The

judgment convicted defendant, upon a jury verdict, of rape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the second degree (Penal Law § 130.30 [1]). "Defense counsel's concession of defendant's guilt of the second . . . count[ ] of the indictment was part of a reasonable trial strategy" and was not " 'tantamount to a partial plea of guilt, thus requiring defendant's express consent' " (*People v Chaney*, 284 AD2d 998, 998 [2001], *lv denied* 96 NY2d 917 [2001], quoting *People v Barnes*, 249 AD2d 227, 228 [1998], *lv denied* 92 NY2d 893 [1998]). Contrary to the contention of defendant, the failure of the police to record his station house interrogation electronically does not require reversal (*see People v Caballero*, 23 AD3d 1031, 1032 [2005]; *People v Boyd*, 21 AD3d 1428 [2005], *lv denied* 6 NY3d 773 [2006]; *People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]). Defendant's remaining contention is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.