■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY MAURO, Appellant. [852 NYS2d 119]—

Defendant's challenge to the voluntariness of his duly executed, open-court jury waiver is unpreserved (*see People v Johnson*, 51 NY2d 986 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant was fully aware, prior to waiving his right to a jury trial, that there had been a conference among the court, the prosecutor and the reluctant complaining witness, without defendant and his counsel, during which the court explained to the witness that he could be compelled to testify and could be jailed if he failed to do so. It was not necessary to inform defendant that his waiver meant he was waiving the right to factfinders who had not had such ex parte communications (*see People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US 905 [2006] [while allocution by court is preferred practice, "no particular catechism is required to establish the validity of a jury trial waiver"]). The record establishes that defendant's waiver was knowing, intelligent and voluntary.

Defendant did not preserve any of his constitutional or other challenges to the fact that the court conducted an in camera, ex parte proceeding involving the prosecutor and complaining witness, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. This conference, which resulted in the witness's compliance without the necessity of a material witness order, was indistinguishable from a material witness proceeding under CPL article 620. Such a proceeding is brought against a recalcitrant witness by the party seeking to call such witness. The proceeding seeks an order fixing bail to secure the attendance of a witness who would not be amenable or responsive to a subpoena; it has nothing to do with the content of the witness's testimony or any legal or factual issue that might involve the opposing party in the underlying criminal case (*see People v Hamilton*, 272 AD2d 553 [2000], *lv denied* 95 NY2d 935 [2000]; *People v Lovett*, 192 AD2d 326 [1993], *lv denied* 82 NY2d 722 [1993]). Moreover, the existence of a record of the conference was disclosed to defendant

and the record clearly established that no facts or trial issues were discussed (*compare People v Ortega,* 78 NY2d 1101 [1991]). Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.