■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PLAZA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered April 29, 1985, convicting him of robbery in the second degree (two counts), assault in the second degree, grand larceny in the third degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his participation in the theft from one Anthony Nucci of a gold chain and the assault on Nucci in an attempt to stop his resistance to the theft.

The record reveals that while Nucci and his companion, Medin Rivera, were seated in a subway car, the defendant boarded the train, looked at Nucci, saying "[w]hat's up", greeted his codefendant, David Otera, who was seated nearby, and said, glancing at Nucci and Rivera, "[l]et's do your thing". Rivera then suggested to Nucci that they disembark from the train, and as they did so, Otera followed them. The defendant remained in the doorway of the train, about six feet from the trio. Otera then demanded Nucci's gold chain, and before Nucci could react, Otera snatched the chain from his neck.

Nucci grabbed Otera in a bear hug and held him while directing Rivera to call the police. Otera, unable to escape

Nucci's grasp, yelled to the defendant for help. The defendant responded by punching Nucci in the face and head several times. Nucci attempted to kick the defendant, who grabbed his leg and flung him toward the train, causing Nucci to sustain an injury to his face.

The defendant and his companion ultimately fled. When the defendant was spotted by the complainant and a police officer across the train tracks on the opposite platform, the defendant declared, "I didn't do anything, I was just breaking up the fight".

In his summation, defense counsel emphasized that the actions of his client were those of an individual attempting to break up a fight, and were not actions from which any intent to commit a robbery was inferable, stating that "[t]he only evidence you have in this case is that by Michael Plaza's actions of grabbing Anthony Nucci's foot and shoving it away he caused injury to Anthony Nucci. That is what he did, committed a crime of Assault in the third degree, if you want to find that, but there is not not one scintilla of evidence, nothing, that shows that he knew * * * a robbery was going to occur".

The defendant maintains that certain errors committed by his trial attorney rendered his legal representation meaningless. His first challenge is directed at counsel's failure to request a pretrial hearing as to the admissibility of his oral statement. The mere fact that counsel does not engage in some pretrial procedures available to the defendant does not, however, indicate ineffective assistance of counsel (see, People v Morris, 100 AD2d 630, affd 64 NY2d 803; People v Wagner, 104 AD2d 457). This is particularly so where, as here, any suppression motion would have had little chance of success, since the defendant's statement was not made in a custodial setting and was spontaneously uttered (see, People v Aguanno, 125 AD2d 579, appeal denied 69 NY2d 876; People v Boero, 117 AD2d 814).

Nor may counsel's strategy of conceding his client's guilt of a misdemeanor assault be deemed an indication of incompetence. As this court has previously found, such defense tactics, whereby counsel admits guilt on a lesser charge in the hope that the jury would then be more receptive to the claim that the defendant was innocent of the far more serious offense and acquit him thereof, is a perfectly acceptable strategy which should not be "second guess[ed]" by the courts (People v Morris, supra, at 631).

The employment of such a strategy also militates against a finding that counsel's failure to pursue a justification theory and the court's concomitant failure to charge the jury with respect to the defense were erroneous. The situation presented is one "where there were two possible defenses available and defense counsel simply chose one over the other" *(People v Lee,* 129 AD2d 587, 588, *lv denied* 70 NY2d 649).

Finally, we perceive no basis upon which to disturb the sentence imposed. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.