■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY DAVIS, Also Known as LAKIME BELL, Appellant. [704 NYS2d 15] —Judgment, Supreme Court, New York County (Patricia Williams, J., at jury trial; David Saxe, J., at sentence), rendered June 3, 1997, convicting defendant of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years; and judgment, same court (William Leibovitz, J.), rendered June 3, 1997, convicting defendant, upon his guilty plea, of burglary in the third degree, and sentencing him, as a second felony offender, to a concurrent term of 3½ to 7 years, unanimously affirmed.

The court properly responded to a note from the deliberating jury and received the jury's verdict notwithstanding defendant's absence. The communication received from the Department of Correction, coupled with defendant's course of conduct, war-

ranted the court's conclusion that defendant had refused to be produced and had thus voluntarily waived his right to be present (*see, People v Epps,* 37 NY2d 343).

Despite having originally agreed to so charge, the court properly declined to submit to the jury the lesser included offense of criminal possession of stolen property in the fifth degree. Defense counsel conceded in summation that the value of the truck in question was over $1,000, and there was no reasonable view of the evidence, which included the testimony of an appraiser, as well as the testimony of the driver of the truck and the arresting officers concerning the truck's working condition, that the value of the truck was $1,000 or less. In any event, since the court did submit fourth-degree possession, and the jury rejected that alternative by convicting defendant of third-degree possession, failure to submit fifth-degree possession was harmless as a matter of law (*People v Johnson,* 87 NY2d 357, 361). In view of the content of defendant's summation, the court's cancellation of its original decision to submit fifth-degree possession caused no prejudice (*see, People v Miller,* 70 NY2d 903, 907).

With respect to defendant's guilty plea, we find that nothing in his plea allocution casts doubt on his guilt (*see, People v Toxey,* 86 NY2d 725). Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.