■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW TRUBIN, Appellant. [757 NYS2d 279] —Judgment, Supreme Court, New York County (James Yates, J.), rendered April 18, 2001, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant was not deprived of his right to be present at the jury's rendition of a verdict, and was not compelled to choose between his right to be present and his right to freely exercise his religion. Defendant informed the court that he would not appear in court the next day, a Friday, during which the jury would be continuing its deliberations. The court reasonably accommodated defendant's religious preferences by arranging for him to attend Friday prayer services at the adjacent correctional facility at 1:00 P.M. (*see People v Morgan*, 265 AD2d 230 [1999], *lv denied* 94 NY2d 905 [2000]), and warned him that his failure to appear in court in the morning before the religious service and in the afternoon following the service would be deemed a waiver of his right to be present (*see People v Parker*, 57 NY2d 136 [1982]). Given the court's warnings and defendant's comments at that time, the communication received by the court on Friday from the Department of Correction clearly established that defendant had refused to be produced and had thus voluntarily waived his right to be present (*see People v Davis*, 269 AD2d 163 [2000]). Accordingly, the court was not obligated to ascertain once again from defendant

whether he wished to be present for the verdict, and it properly accepted the verdict in defendant's absence.

Defendant was not denied his right to a fair trial when the trial court did not respond to a note, requesting clarification of the element of intent, that the jury had sent immediately before its announcement that it had reached a verdict. Prior to accepting the verdict, the court instructed the jurors that should they be polled, their affirmation of the validity of the verdict would mean that they were confirming that they did not need any additional instructions. Accordingly, when the jury was polled and remained unanimous in finding defendant guilty, it thereby indicated that it no longer needed further instructions, and defendant could not have been "seriously prejudice[d]" by the lack of a response to the note (*see People v Agosto*, 73 NY2d 963, 966 [1989]). Concur—Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.