■■ The People of the State of New York, Appellant, v Jack Washington, Respondent. (Appeal No. 1.) [795 NYS2d 915]—Appeal from an order of the Monroe County Court (Stephen K. Lindley, A.J.), dated November 1, 2004. The order granted defendant's motion to vacate a judgment of conviction pursuant to CPL 440.10 and granted a new trial.

Appeal from an amended order of the Monroe County Court (Stephen K. Lindley, A.J.), dated December 17, 2004. The amended order granted defendant's motion to vacate a judgment of conviction pursuant to CPL 440.10 and granted a new trial.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied and the judgment is reinstated.

Memorandum: The People appeal from an amended order granting defendant's motion to vacate a judgment of conviction pursuant to CPL 440.10 on the ground that defense counsel's strategy of conceding defendant's guilt to the lesser included charge of robbery in the second degree was the equivalent of entering a guilty plea for defendant and was made without defendant's consent in violation of the right of defendant to make fundamental decisions at trial (*see Jones v Barnes*, 463 US 745, 751 [1983]; *People v White*, 73 NY2d 468, 478 [1989], *cert denied* 493 US 859 [1989]; *People v Ferguson*, 67 NY2d 383, 390 [1986]). We disagree that the concession by defense counsel during his opening and closing statements that defendant was guilty of the lesser included offense was the equivalent of enter-

ing a guilty plea for defendant (*see People v Chaney*, 284 AD2d 998 [2001], *lv denied* 96 NY2d 917 [2001]; *People v Barnes*, 249 AD2d 227, 228 [1998], *lv denied* 92 NY2d 893 [1998]). Where defense counsel adopted a strategy of conceding defendant's guilt of a lesser included charge "in the hope that the jury would then be more receptive to the claim that the defendant was innocent of the far more serious offense and acquit him thereof," it is a "perfectly acceptable strategy which should not be 'second guess[ed]' by the courts" (*People v Plaza*, 133 AD2d 857, 858 [1987], *lv. denied* 70 NY2d 936 [1987], quoting *People v Morris*, 100 AD2d 630, 631 [1984], *affd* 64 NY2d 803 [1985]). We conclude that, "viewing the totality of the circumstances[,] defendant was not deprived of his constitutional right to effective assistance of counsel" (*People v Morris*, 64 NY2d 803, 804-805 [1985]; *see People v Baldi*, 54 NY2d 137, 147 [1981]). We therefore reverse the amended order, deny the motion and reinstate the judgment of conviction. Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.