THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVENDRA SINGH, Appellant. [934 NYS2d 827]—

As the People correctly concede, the plea minutes reveal that the defendant was not advised, prior to entering his plea of guilty, that his determinate term of imprisonment would be followed by a mandatory period of postrelease supervision. Therefore, the judgment of conviction must be reversed and the defendant's plea of guilty must be vacated (*see People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]; *People v Louree*, 8 NY3d 541, 544-545 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Peck*, 78 AD3d 1199, 1200 [2010]; *People v Lindsay*, 72 AD3d 845, 846 [2010]; *People v Wilcox*, 70 AD3d 1059 [2010]).

While the People request that the matter be remitted pursuant to Penal Law § 70.85 so that the defendant may be resentenced, which resentence would not include a period of postrelease supervision, the plain language of that statute demonstrates that it is not applicable where, as here, the sentencing court explicitly imposed a period of postrelease

supervision at sentencing (*see People v Puntervold,* 60 AD3d 1090, 1090-1091 [2009]; *see also People v Rucker,* 67 AD3d 1126, 1127-1128 [2009]; *People v Montanez,* 55 AD3d 372, 372-373 [2008]). We also decline the People's request that we invoke Judiciary Law § 2-b (3), in effect, to reach the same result that Penal Law § 70.85 would produce, if applicable. Judiciary Law § 2-b (3) provides that "[a] court of record has power . . . to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it." By enacting Judiciary Law § 2-b (3), the Legislature has afforded the courts the authority to "fashion necessary procedures consistent with constitutional, statutory, and decisional law" (*People v Wrotten,* 14 NY3d 33, 37 [2009], *cert denied* 560 US —, 130 S Ct 2520 [2010]). Implementing Judiciary Law § 2-b (3) in the manner advocated by the People would be contrary to, rather than consistent with, the existing statutory and decisional law on this issue. Dillon, J.P., Angiolillo, Dickerson and Hall, JJ., concur.