# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

354
KA 10-02121
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

QUINCEY L. WALKER, JR., DEFENDANT-APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 23, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and three counts of criminal possession of a controlled substance in the seventh degree (§ 220.03). Contrary to defendant's contention, County Court did not abuse its discretion in denying defendant's request for a lengthier adjournment. "The decision whether to grant an adjournment lies in the sound discretion of the trial court . . . , and the court's exercise of that discretion 'in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (*People v Adair*, 84 AD3d 1752, 1754, *lv denied* 17 NY3d 812). Here, defendant requested an adjournment at the start of the trial because he had received documents from the People the previous evening showing that marked buy money was recovered from defendant upon his arrest after one of the alleged sales. Defense counsel indicated that he wanted to contact defendant's two former attorneys inasmuch as he believed that they had been told that no buy money was ever recovered from defendant. The court granted a half-day adjournment, and we conclude that it was not an abuse of discretion for the court to deny defendant's request for a more extended adjournment (*see generally People v Spears*, 64 NY2d 698, 699-700).

We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed to show the absence of strategic or other legitimate explanations for defense counsel's waiver of the *Huntley* and *Wade* hearings and, indeed, the record establishes that defense counsel waived those hearings in exchange for early discovery of *Rosario* material (*see People v Sinkler*, 112 AD3d 1359, 1361; *People v Jurjens*, 291 AD2d 839, 840, *lv denied* 98 NY2d 652; *see generally People v Rivera*, 71 NY2d 705, 709). Moreover, defendant failed to show that those hearings would have been successful (*see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). We further conclude that defense counsel was not ineffective based on certain comments he made about defendant during his opening and closing statements (*see People v Washington* [appeal No. 2], 19 AD3d 1180, 1180-1181, *lv denied* 5 NY3d 833).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that he was penalized for rejecting the plea offer and exercising his right to a jury trial (*see People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862). In any event, that contention is without merit (*see id.*), and the sentence is not unduly harsh or severe.

Entered:  March 28, 2014                       Frances E. Cafarell
                                               Clerk of the Court