# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**229**

**KA 11-01398**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NJERA WILSON, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

NJERA WILSON, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 15, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the first degree and criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and criminal contempt in the second degree (§ 215.50 [3]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The People presented evidence establishing that, pursuant to an order of protection entered in June 2009, defendant was directed to stay away from the victim and her home. The victim testified that, on October 19, 2009, defendant attacked her at her home and punched her face, and that, on November 1, 2009, she heard defendant "banging" on her front door and yelling. Although there were inconsistencies in the victim's testimony regarding both incidents, "it cannot be said that her testimony was 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Westbrooks*, 90 AD3d 1536, 1536, *lv denied* 18 NY3d 963). Furthermore, the responding officer testified that the victim had a bloody lip following the first incident, and that defendant was apprehended in the vicinity of the victim's home within minutes of the second incident. We further conclude that the sentence is not unduly harsh or severe.

We reject defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel.  The order of protection was relevant to the trial and a matter of record, and thus we conclude that defense counsel was not ineffective in consenting to its admission in evidence (*see generally People v Rivera*, 22 AD3d 888, 890, *lv denied* 6 NY3d 780).  We further conclude that defense counsel was not ineffective in conceding defendant's guilt of criminal contempt in the October incident in the hope that he would be acquitted of the far more serious charge of burglary in the second degree.  Such a defense tactic is "a perfectly acceptable strategy which should not be second guess[ed] by the courts" (*People v Washington* [appeal No. 2], 19 AD3d 1180, 1181, *lv denied* 5 NY3d 833 [internal quotation marks omitted]; *see People v Plaza*, 133 AD2d 857, 858, *lv denied* 70 NY2d 936).  We note, moreover, that defense counsel successfully obtained an acquittal on the burglary count (*see generally People v Nuffer*, 70 AD3d 1299, 1301).  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  May 2, 2014                        Frances E. Cafarell
                                             Clerk of the Court