# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**413**

**KA 09-01473**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DAVID ALLIGOOD, DEFENDANT-APPELLANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered May 8, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he was deprived of effective assistance of counsel because his trial attorney waived his right to a *Wade* hearing that County Court had ordered with respect to the photo array identification of him by an undercover police officer. As a preliminary matter, we note that it is not clear from the record whether the court granted defendant a *Wade* hearing; the court merely stated that, because defense counsel was not yet in a position to concede that the identification of defendant was confirmatory, as the People had argued, "we will have an identification hearing." It is therefore possible that the court intended merely to conduct a *Rodriguez* hearing to determine whether the identification was confirmatory (*see People v Rodriguez*, 79 NY2d 445, 449-450; *People v Green*, 70 AD3d 1392, 1392). Moreover, there is no evidence in the record that defense counsel "waived" defendant's right to a suppression hearing. Although a suppression hearing was not held, the record is silent with respect to the reason why. Thus, defendant's contention is based on matters outside the record and must be raised, if at all, by way of a motion pursuant to CPL article 440 (*see People v Washington*, 128 AD3d 1397, 1399; *People v Kreutter*, 121 AD3d 1534, 1535, *lv denied* 25 NY3d 990; *People v Brown*, 120 AD3d 1545,

1546, *lv denied* 24 NY3d 1082).  In any event, we note that it cannot be said on this record that defendant had a " 'colorable' " claim that the identification evidence should have been suppressed (*People v Garcia*, 75 NY2d 973, 974; *see People v Rivera*, 71 NY2d 705, 709; *People v Carver*, 124 AD3d 1276, 1279).

Entered:  May 6, 2016                          Frances E. Cafarell
                                              Clerk of the Court