■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER KRIEG, Appellant. [32 NYS3d 161]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered May 5, 2014, as amended May 29, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the fourth degree, criminal diversion of prescription medications and prescriptions in the fourth degree (seven counts) and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of 20 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The record contains ample evidence that, at the time of trial, defendant, a paraplegic, was afflicted with a combination of conditions—including severe bedsores, and colitis that sometimes prevented him from controlling his bowel movements—that made his physical attendance at trial (which was expected to last three weeks) extremely physically distressing and often excruciatingly painful. The trial court expressed no doubt as to the genuineness of defendant's medical difficulties.

The court suggested that defendant appear at trial by videoconferencing from his place of incarceration on Rikers Island and, despite practical obstacles, the court arranged for defendant to do so. However, believing that, pursuant to CPL article 182 ("Alternate Method of Appearance"), the prosecutor's consent to the arrangement was required, the court determined that it could not carry through with its plan when the prosecu-

tor refused to consent. Notably, consent was withheld based principally on a contention that the court found to be without basis—that defendant's appearance before the jury on a television monitor would improperly allow defendant to "take action that would be prejudicial to the People's case" such as "hold-[ing] up a note to the jury" or "say[ing] something" before anyone could intervene.

Throughout the discussion of the subject, over numerous court appearances, the court consistently stated that, short of allowing a "remote" appearance, it would make every possible accommodation to defendant's needs, including having shorter court days and taking breaks whenever necessary. Defendant and his counsel persistently argued that such measures would be inadequate in light of, among other things, the necessity for defendant to spend 12 hours in his wheelchair, both in and out of the courtroom, on days he was brought to court, the unavailability of appropriate medical attention during those periods, and the acute pain and discomfort defendant would suffer.

Although defendant made numerous appearances in court during the several months leading up to the trial, he ultimately chose not to appear. Believing that an electronic appearance was not possible without prosecutorial approval, and seeing no other option, the court elicited from defendant a waiver of his right to be present, and the trial proceeded in his absence.

We agree with defendant that, under the unusual circumstances presented here, he was denied his constitutional right to be present at trial (see generally Snyder v Massachusetts, 291 US 97, 105-106 [1934]; People v Morales, 80 NY2d 450, 456 [1992]). In this exceptional case, defendant's choices should not have been limited to appearing in person despite his medical problems, or waiving his appearance entirely, because his request to appear by videoconferencing should have been granted.

First, the court erred in believing that CPL article 182 restricted its authority to use video conferencing to effectuate a defendant's right to be present at trial. "Although the Legislature has primary authority to regulate court procedure, the Constitution permits the courts latitude to adopt procedures consistent with general practice as provided by statute," and "[b]y enacting Judiciary Law § 2-b (3), the Legislature has explicitly authorized the courts' use of innovative procedures where necessary to carry into effect the powers and jurisdiction possessed by [the court]" (People v Wrotten, 14 NY3d 33, 37 [2009] [internal citations and quotation marks omitted]). Accordingly, "courts may fashion necessary procedures consistent with constitutional, statutory, and decisional law" (id.).

The People argue that the courts are absolutely prohibited from employing their inherent powers to allow a consenting, medically disabled defendant from attending a hearing or trial via videoconferencing because CPL 182.20 (1) permits electronic appearance by a defendant "except . . . at a hearing or trial." In the People's view, the procedure proposed by the trial court would have been inconsistent with the statute and thus was beyond the court's discretion to order. We disagree. CPL article 182 is plainly focused on administrative convenience and conservation of resources in routine nonsubstantive court appearances, and it does not address a defendant's appearance at trial by videoconferencing for valid and exceptional medical reasons. In light of a court's broad discretion inherent in the Constitution and Judiciary Law § 2-b (3) to use appropriate innovative procedures to fulfill the court's functions, we reject the notion that the statute precluded the procedure considered but rejected by the trial court.

Further, we conclude that where the court essentially accepted defendant's claims of extreme pain and physical distress, where the alternative of electronic appearance was actually available based on the court's own efforts, where it was not employed only because the court wrongly believed that it lacked the required discretion (*see People v Cronin*, 60 NY2d 430, 433 [1983]), and where the accommodations actually offered by the court were far less efficacious, the court, despite the best intentions, failed to reasonably accommodate defendant's medical concerns (*see People v Trubin*, 304 AD2d 312 [1st Dept 2003], *lv denied* 100 NY2d 588 [2003]). In these circumstances, defendant's waiver of the right to be present was not knowing, voluntary, and intelligent (*see People v Parker*, 57 NY2d 136, 140 [1982]).

We also note that, although the error was harmless and would thus not constitute an additional ground for reversal, the uncharged crimes evidence at issue on appeal was unduly prejudicial. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.