■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. EDWARDS, Appellant. [57 NYS3d 817]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered April 9, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, criminal possession of a weapon in the third degree and menacing in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for the filing of a predicate felony offender statement and resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]). Contrary to defendant's contention, the record establishes that County Court conducted a sufficient inquiry and considered the relevant factors, including the charged offenses, defendant's history of multiple felony convictions, and his prior conduct, before acting within its broad discretion in determining that requiring defendant to wear a stun belt was necessary for courtroom security (*see People v Brooks*, 139 AD3d 1391, 1392 [2016], *lv denied* 28 NY3d 1026 [2016]; *see generally People v Buchanan*, 13 NY3d 1, 4 [2009]).

Defendant further contends that trial counsel was ineffective in failing to request a mid-trial *Wade* hearing or preclusion of identification testimony based on the People's violation of CPL 710.30 after the clerk of the store that was robbed testified on cross-examination that an investigator had showed her a photograph of defendant during the course of the criminal investigation. We conclude that defendant's contention is based on matters outside the record and therefore must be raised by way of a motion pursuant to CPL article 440 (*see generally People v Alligood*, 139 AD3d 1398, 1398 [2016]). To the extent that we are able to review defendant's contention that he was denied effective assistance of counsel based on the record before us, we conclude that defendant was provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's attorneys were not ineffective for failing to pursue a *Wade* hearing with respect to his employer's identification of him from the surveillance video of the robbery where, as here, " 'no *Wade* hearing was required because the identifying witness[ ] knew defendant, and thus the identification was merely confirmatory' " (*People v Sebring*, 111 AD3d 1346, 1346-1347 [2013], *lv denied* 22 NY3d 1159 [2014]; *see generally People v Walker*, 115 AD3d 1357, 1358 [2014], *lv denied* 23 NY3d 1069 [2014]). To the extent that defendant contends that his trial counsel was ineffective for failing to challenge certain prospective jurors and to request particular jury instructions, we conclude that defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [those] alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Slack*, 137 AD3d 1568, 1570 [2016], *lv denied* 27 NY3d 1139 [2016]; *People v Martinez*, 59 AD3d 1071, 1072-1073 [2009], *lv denied* 12 NY3d 856 [2009]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, defendant contends that the People failed to comply with the procedural requirements of CPL 400.15 in seeking to have him sentenced as a second violent felony offender inasmuch as they did not file a predicate felony offender statement as required by CPL 400.15 (2). Although that contention is not preserved for our review (*see People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Myers*, 52 AD3d 1229, 1230 [2008]), we nonetheless exercise our discretion to review it as a

matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v VanGorden*, 147 AD3d 1436, 1441 [2017]). Contrary to the assertion of the prosecutor at sentencing, "the need for a predicate felony offender statement was not obviated by defendant's pretrial admission to a special information setting forth his prior felony conviction as an element of a count charging criminal possession of a weapon. The special information did not permit defendant to raise constitutional challenges to his prior conviction, as he had the right to do before being sentenced as a second felony offender" (*VanGorden*, 147 AD3d at 1441; *see People v Brown*, 13 AD3d 667, 669 [2004], *lv denied* 4 NY3d 742 [2004]; *see generally* CPL 200.60 [3]; 400.15 [7] [b]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for the filing of a predicate felony offender statement pursuant to CPL 400.15 and resentencing. In light of our determination, we do not reach defendant's challenge to the severity of the sentence. Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.