People v Harrell (2019 NY Slip Op 00547)





People v Harrell


2019 NY Slip Op 00547


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8213 4258/14

[*1]The People of the State of New York, Respondent,
v
Lonnie Harrell, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Carolyn Shanahan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 21, 2015, as amended December 3, 2015, convicting defendant, after a jury trial, of criminal sexual act in the first degree (two counts), attempted rape in the first degree, sexual abuse in the first degree (two counts) and criminal sexual act in the third degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.
There was no violation of defendant's right to be present at all material stages of the trial. He was present during a requested readback of the victim's testimony, and although he was absent for a portion of the preceding discussion regarding the content of the readback, his right to be present did not extend
to that discussion (see People v Rodriguez, 76 NY2d 918, 921 [1990]). With regard to the various other portions of the proceedings about which he complains, defendant validly waived and/or forfeited his right to be present (see People v Spotford, 85 NY2d 593, 597-599 [1995]; People v Epps, 37 NY2d 343, 349-351 [1975], cert denied 423 US 999 [1975]). The record fails to support defendant's argument that he made a limited waiver of his right to be present that extended to certain proceedings, but did not extend to other proceedings at issue. The court fully informed defendant of his right to be present and repeatedly warned that the trial would proceed in his absence. Accordingly, each refusal by defendant to come out of the court pens sufficiently established a waiver, regardless of any other colloquies. Furthermore, in determining that defendant had, in fact, refused to be present, the court properly acted on reliable information from court and correction personnel (see e.g. People v Trubin, 304 AD2d 312 [1st Dept 2003], lv denied 100 NY2d 588 [2003]).
The court properly denied defendant's motions, made before trial and at the close of evidence, to dismiss certain counts of the indictment as multiplicitous. In each of three pairs of counts, two sex acts were alleged that were separate and distinct, and were not merely two [*2]different body movements included in a single crime, as discussed by the Court of Appeals in People v Alonzo (16 NY3d 267 [2011]). Indeed, combining the allegations in the challenged pairs of counts into single counts could well have subjected those counts to challenge on the ground of duplicitousness (see id. at 269).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK