People ex rel. Tucker v Brann (2021 NY Slip Op 03191)





People v Brann


2021 NY Slip Op 03191


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2021-00969
 (Index No. 1/21)

[*1]The People of the State of New York, ex rel. Samantha Tucker, on behalf of Eriel Rivera, appellant,
v
Cynthia Brann, etc., respondent.


Queens Defenders, Forest Hills, NY (Samantha Tucker, pro se, of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated January 15, 2021. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner commenced this proceeding in the Supreme Court for a writ of habeas corpus, seeking the release of Eriel Rivera (hereinafter the defendant) from custody. The defendant had been remanded pursuant to CPL 530.12(11) by the Criminal Court after a hearing on December 22, 2020, at which, over his objection, he appeared electronically. The Supreme Court denied the petition and, in effect, dismissed the proceeding.
The Supreme Court properly determined that the Criminal Court did not violate "'constitutional or statutory standards'" (People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 232-233, quoting People ex rel. Klein v Krueger 25 NY2d 497, 499) in holding a virtual CPL 530.12 hearing wherein the defendant and all others appeared electronically. Under the circumstances of this case, given the prevalence of COVID-19 in New York City in December 2020 as well as the defendant's own health status, the Criminal Court properly exercised its inherent authority pursuant to Judiciary Law § 2-b to proceed with the hearing notwithstanding the defendant's objection (see id.; People v Wrotten, 14 NY3d 33, 37-38; People v Krieg, 139 AD3d 625, 626-627).
The petitioner's remaining contentions are unpreserved for appellate review and, in any event, without merit.
MASTRO, A.P.J., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court