People v Gardner (2024 NY Slip Op 24294)

[*1]

People v Gardner

2024 NY Slip Op 24294

Decided on November 21, 2024

Supreme Court, Queens County

Morris, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 21, 2024
Supreme Court, Queens County

The People of the State of New York

against
Malik Gardner, Defendant.

Ind. No. 2326/2018

Randall Unger, Esq for the defendant
Assistant District Attorney Joseph M Dipietro

Gia Morris, J.

The Defendant initially moved, pursuant to CPL § 440.20, to set aside his conviction for Criminal Possession of a Weapon in the Second Degree (PL § 265.03[3]), on the grounds that he was not properly arraigned as a second violent felony offender prior to sentencing and therefore must be re-sentenced pursuant to CPL § 400.15.[FN1]
However, since the initial filing of this motion, the United States Supreme Court handed down the decision in Erlinger v United States, 602 US 821 [2024], and the defendant amended his moving papers to assert that, upon his re-sentencing, he must be sentenced as a first-time violent felony offender.[FN2]
The People concede that the defendant was not properly arraigned as a second violent felony offender and that his sentence must be vacated and the defendant re-sentenced, but argue that the defendant can and should still [*2]be sentenced as a second violent felony offender. Thus, the only remaining issue from the defendant's motion is whether, in light of the United States Supreme Court's decision in Erlinger, the defendant may be re-sentenced as a second violent felony offender, which would require either the court to calculate and toll the time the defendant was incarcerated from his last conviction in 2006, to the time of his arrest in this case in September 2018, pursuant to PL § 70.04[1][a], [1][b][iv], [v], or empanel a jury to make that determination.
For the reasons that follow, the court holds that it cannot sentence the defendant as a second violent felony offender because, to do so, the court would need to make a "tolling" determination, to wit, a finding of fact as to the amount of time the defendant was incarcerated, since the defendant's prior conviction was more than ten years from his most recent arrest, which pursuant to the United States Supreme Court's decision in Erlinger, must only be determined by a jury. Moreover, because CPL § 400.15[7][a] prohibits the empaneling of a jury for this purpose, and Judiciary Law § 2-b[3] does not give the court authority to empanel a jury for this limited purpose, the defendant may only be sentenced as a first-time violent felony offender.
Procedural Background
The indictment in this case charged the defendant with four counts of Criminal Possession of a Weapon in the Second Degree (PL § 265.03[1B], [3]), two counts of Criminal Possession of a Weapon in the Third Degree (PL § 265.02[1]), and Criminal Possession of Marijuana in the Fourth Degree (PL § 221.15). On May 17, 2019, the Defendant plead guilty to a single count of Criminal Possession of a Weapon in the Second Degree (PL § 265.03[3]) under the First Count of the indictment, in full satisfaction of the charges in the indictment, and was promised a sentence of seven years' incarceration to be followed by five years' post-release supervision. At the time of the plea, it was agreed that the Defendant would be sentenced as a second violent felony offender based upon a May 1, 2006 conviction for Criminal Possession of a Weapon in the Second Degree under PL § 265.03[2] (see PL § 70.04). On July 12, 2019, the defendant was sentenced as promised to seven years' incarceration to be followed by five years' post-release supervision and required to register pursuant to the Gun Offender Registration Act (GORA) (see NYC Administrative Code 10-602). However, it is undisputed that at his plea, the Defendant was not properly arraigned as a second violent felony offender pursuant to CPL § 400.15[2] and [3]. The People concede that the Defendant's sentence must be vacated, and the defendant needs to be re-sentenced (see People v Edwards, 151 AD3d 1832 [4th Dept. 2017]).
It is also not disputed that more than ten years have elapsed between the defendant's 2006 conviction and his arrest in the instant case in 2018.

 Discussion
On June 21, 2024, the United States Supreme Court handed down the decision in Erlinger v. United States, 602 US 821 [2024], which held that under the Fifth and Sixth Amendments to the United States Constitution, a criminal defendant is entitled to have a unanimous jury determine, beyond a reasonable doubt, any factual finding that is used to enhance their sentence. Erlinger involved the interpretation of the sentencing provisions contained in the Armed Career Criminal Act (18 USCS § 924[e][1]) (2012 ed.) (hereinafter [*3]ACCA), which provides for an enhanced sentence based on a judicial determination that a defendant committed three violent felonies or serious drug offenses on three separate occasions different from one another. In holding that the ACCA sentencing provisions were unconstitutional, the Supreme Court, relying on Apprendi v New Jersey, stated:
 only a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed . . . This principle applies when a judge seeks to issue a sentence that exceeds the maximum penalty authorized by a jury's findings as well as when a judge seeks to increase a defendant's minimum punishment.'
(see Erlinger, 602 US at 822, quoting Apprendi v New Jersey, 530 US 466 [2000] [internal quotation marks omitted]). The Supreme Court further held that, while a "narrow exception" to this rule still exists under Almendarez-Torres v United States, 523 US 224 [1998], that exception permits a judge during sentencing to "find only the fact of a prior conviction" (see Erlinger 602 US at 823, citing Alleyne v United States, 570 US 99, 111, n.1 [2013]). While the People assert that the holding in Erlinger should be narrowly applied only to the ACCA, and therefore the court is bound by New York State appellate authority upholding the constitutionality of a judicial determination as to the tolling calculation under § 70.04[1][b][v] made pursuant to CPL § 400.15[7][a], this court holds that it is clear Erlinger applies to such tolling calculations. As such, to the extent that those decisions conflict with the United States Supreme Court's decision in Erlinger, such earlier New York State appellate precedent on this issue is abrogated by Erlinger. (see e.g. United States v Saunders, 2024 U.S. App. LEXIS 26805, 2024 WL 4533359 [2d Cir Oct 21, 2024] [holding that Erlinger abrogated prior District Court precedent regarding the allowance of a judicial determination for an enhanced sentence under the ACCA]).
When applying the holding in Erlinger to the New York's recidivist sentencing statutes, this court holds that, as relevant to the instant case, Erlinger's requirement of a jury trial for factual findings used to enhance a defendant's sentence applies to the "tolling" of time a defendant spent incarcerated as set forth in PL § 70.04[1][b][iv] and [v] (see People v Banks, 218 NYS3d 519, 2024 NY Slip Op 24241 [Sup Court New York County, Mandelbaum J. Sept. 6, 2024]; People v. Lopez, 216 NYS3d 518, 2024 NY Slip Op 24207 [Sup Court NY Co, Convisor J.]). This is true even though such tolling calculations, will, in most cases, likely not involve a complex factual inquiry (Id.)
Here, it is undisputed that the defendant's 2006 conviction occurred more than ten years before his September 26, 2018 arrest in this case. Thus, the only way that the People can seek to have the defendant sentenced as a second violent felony offender pursuant to PL § 70.04, is to have any periods of incarceration excluded from the ten-year calculation (see PL §70.04[1][b][v]). While a defendant can concede that this period is excludable the defendant in this case, in essence, has contested his status as a second violent felony offender, requiring a fact finding as to whether the tolling periods should properly be excluded. Pursuant to Erlinger, this factual determination must now only be conducted by a jury.
Having determined that the defendant is entitled to have a jury make the factual finding as to whether tolling is appropriate, the question then becomes whether a jury may be empaneled for this purpose. Notwithstanding the People's argument to the contrary, this court does not have the statutory authority to do so, either under the Criminal Procedure Law, or the Judiciary Law.
To begin, pursuant to CPL § 400.15, when a defendant moves to controvert the tolling calculations of the ten-year period as contained in the People's statement filed under CPL § [*4]400.15[2], a hearing must be held "before the court without a jury" (see CPL § 400.15[7][a](emphasis supplied). As such the statute explicitly prohibits a determination by a jury as to tolling calculations under PL § 70.04[1][b][v] (see CPL 400.15[7][a]; Banks, 218 NYS3d 519, 2024 NY Slip Op 24241, supra; Lopez, 216 NYS3d 518, supra). Thus, the Court does not have the authority under the current New York Criminal Procedure Law, to empanel a jury for this limited factual finding.
Second, contrary to the People's argument, the court does not have authority pursuant to Judiciary Law § 2-b[3] to empanel a jury for the sole purpose of making the tolling calculation under PL § 70.04[1][b][v]. Judiciary Law § 2-b[3] states "A court of record has power . . . to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it." The exercise of this power is generally limited to extraordinary circumstances (see People v Wrotten, 14 NY3d 33, [2009]; People v Banks, 218 NYS3d 519, 2024 NY Slip Op 24241 supra; People v. Lopez, 216 NYS3d 518, 2024 NY Slip Op 24207 supra).
Moreover, the court's inherent powers under Judiciary Law § 2-b[3] must be used consistently with existing statutory and decisional law (see People v Singh, 90 AD3d 1079, 1080 [2d Dept 2011] [internal quotation marks omitted]). Empaneling a jury to determine the issue of tolling in this case would essentially require the court to re-write CPL § 400.15 (see People v. Lopez, 216 NYS3d 518, 2024 Ny Slip Op 24207 supra). Simply put, Judiciary Law § 2-b[3], does not authorize a court to do so.
The People's reliance on cases such as People v Ricardo B., 73 NY2d 228 [1989], and People v Wrotten, 14 NY3d 33, [2009], supra; and People v Krieg, 139 AD3d 625 [1st Dept 2016], lv. denied 28 NY3d 932, is misplaced. Each of these cases involved a distinct issue that needed to be resolved by trial courts for which there was no provision delineated under New York State law. For example, in Ricardo B., the trial court invoked its inherent powers under Judiciary Law § 2-b[3] to empanel two juries in a single trial against co-defendants in order to avoid a Bruton issue (Ricardo B., 73 NY2d 228). Similarly, in Wrotten, the trial court allowed an elderly witness in California to testify at trial via video, since the witness was unable to travel (Wrotten, 14 NY3d 33). And in Krieg, the appellate courts reversed a trial courts failure to exercise its inherent authority under Judiciary Law § 2-b[3], to accommodate a severely disabled defendant's request to attend his trial via video (Krieg, 139 AD3d 625). Clearly, each of these cases involved exceptional and unusual circumstances. Moreover, the judicial discretion used in each of these cases was consistent with relevant statutory authority and legislative policy (see People v Singh, 90 AD3d 1079 [2d Dept 2011], supra; People v. Lopez, 216 NYS3d 518, 2024 Slip Op 24207 supra).
In the instant case, unlike in Rodney B., Wrotten, and Krieg, because CPL § 400.15[7][a] requires a "hearing before the court without a jury" to determine tolling calculations, any procedure or process devised by the court to empanel a jury would be in direct contravention of that statute.
Further, because the ruling in this case does not apply to cases where periods of incarceration are not needed to "toll" the ten-year time period pursuant to PL § 70.04[1][b][v] (see Almendarez-Torres, 523 US 224), the court does not hold CPL § 400.15[7][a] unconstitutional on its face. Thus, the court has no inherent power under Judiciary Law § 2-b[3] to empanel a jury in the face of its express prohibition against doing so.
Moreover, the instant case is not an exceptional case involving an unusual circumstance. [*5]Indeed, tolling calculations like the one at issue here routinely arise in criminal cases due to statutory requirements in a variety of recidivist sentencing contexts under New York State law. As such, Judges will be confronted with the issues presented here on a recurring basis until the Legislature addresses the inherent conflict between the decision in Erlinger and CPL§ 400.15[7][a] (see Banks, 218 NYS3d 519, 2024 NY Slip Op 24241, supra; Lopez, 216 NYS3d 518, 2024 Slip Op 24207, supra).
Lastly, as was more fully enunciated in Banks, any attempt by a trial court to fashion a remedy by empaneling a jury would be fraught with multiple complications. There is currently no statutory authority in place to determine whether the trial jury or a new jury would need to be empaneled for the sentencing phase, nor any procedures in place to delineate jury instructions, peremptory challenges, the number of jurors needed, among other necessary rules to govern the sentencing jury trial (see Banks, 218 NYS3d 519, 2024 NY Slip Op 24241, supra). For judges to make these determinations without legislative authority would inevitably lead to a multitude of different procedures being utilized across the state based upon individual judicial preferences, and likely lead to confusion and inequitable results. (see Id.)
Accordingly, this court holds that it does not have the power under Judiciary Law § 2-b[3] to empanel a jury to determine the tolling issue in this case, nor would it be appropriate for the court to do.

 Conclusion
Based on the foregoing, upon re-sentencing, the defendant must be sentenced as a first-time violent felony offender. In any event, the defendant's negotiated sentence of seven years incarceration, to be followed by five years post-release supervision is proper under both the second violent felony sentencing guidelines, and the first-time violent felony offender sentencing guidelines (see PL §§ 70.02 and 70.04).
This opinion constitutes the decision and Order of the court.
Dated: November 21, 2024
Kew Gardens, New York
________________________
Hon. Gia L. Morris, AJSC

Footnotes

Footnote 1:The defendant originally filed his motion pro se, but on the consent of the People, counsel was assigned to the instant motion, who initially responded in early July 2024.

Footnote 2:
 The defendant notified the New York State Attorney General ("NYSAG") in September 2024 regarding his amended motion made pursuant to the Erlinger decision. In a letter dated October 8, 2024, NYSAG declined to intervene or file papers pertaining to this matter. Thus, the People's contention that the defendant's motion should be denied because he failed to notify the NYSAG pursuant to Executive Law § 71 and/or CPLR § 1012[b] of his intention to challenge the constitutionality of the sentencing scheme under CPL §§ 70.04[1][b][iv], [v], and 400.15 is now moot.